BERNIE vs. VANDEVER AS AD.

The refusal of the Circuit Court to permit an answer to be filed after the time allowed; or the striking an answer from the files when so filed, is within the discretion of the Circuit Court, and this court will not interfere, unless in cases of palpable abuse of such discretion; and so, this court will not reverse a decree for such cause, when by consent of parties it was ordered that the answer be filed within a certain time, or the bill be taken as confessed.

Upon a reference to the master in chancery to state an account between the parties, he should give them reasonable notice of the time and place of taking testimony and stating the account—to notify them to appear within a few hours after the reference, between 8 and 12 o'clock at night, is not reasonable notice.

A defendant in chancery, although he may have made default to answer, has a right to appear before the master, and have process for witnesses, on a reference to state · an account between him and the complainant.

Upon the death of one of several partners, the partnership is dissolved; and the surviving partner is entitled to the partnership property and effects, for the purpose of settling the accounts, and paying off the debts of the firm.

Where one of two partners dies, if the surviving partner, instead of settling the partner-
ship property, uses it in carrying on the business, the representative of the deceased
partner may, at his election claim an interest, according to the principles of equity,
in the subsequent profits; or take interest upon the amount due to him, after a full
settlement of the partnership debts, at the time of the dissolution.

Where an answer is necessary to a full and fair development of the whole transaction,
and to the just and equitable division of partnership effects sought to be recovered
by the bill, it should be permitted to be filed, if a full and perfect answer; and if de-
lay or inconvenience occur to the opposite party because filed out of time, terms of
cost, &c., should be imposed.

*Appeal from the Circuit Court of Sebastian County in Chan-*
*cery.*

The Hon. FELIX J. BATSON, Circuit Judge.

S. F. CLARK and S. H. HEMPSTEAD, for the appellant.   1. That
the report in this case was partial and unjust, and ought to have
been set aside.

2. That the exceptions to it should have been sustained.

3. That the testimony does not warrant the decree, and that it
is erroneous.

Authorities referred to : *Digest* 236; 1 *Dev. Ch. R.* 61; 2 *Munf.*
235 ; 9 *Porter* 79 ; 13  *Ark.*  619 ; 4 *Litt.* 258 ; 2  *John. Ch. R.*
495 ; 2 *Daniell* 1390, 1388; 2 *Smith* 151 ; 2  *Daniel* 1379*th to*
1395, 1355.

Mr. Justice WALKER delivered the opinion of the Court.

This was a suit brought by Vandever, as the administrator of
the estate of Darby, against Charles A. Bernie, the surviving
partner of the late firm of Bernie & Darby, for the purpose of
having an account and settlement of the partnership accounts,
and for payment of the profits, &c., to the administrator.

As the questions of law presented for our consideration grow out
of matters of practice, and of instructions to the master, to whom
the accounts were referred, we will only state so much of the
case, as will be necessary to a proper understanding of the ques-
tions thus presented.

40B

The bill was filed on the 26th of July, 1851, and the cause came to hearing at the February term, 1852, upon bill and answer, and was referred to the master to state an account and report to the next term.

At the August term, 1852, the time when the master was required to report, by consent, the complainant dismissed his suit with leave to file a new bill *instanter*, which was done; and to which the defendant entered of record his appearance, and leave was given him to file his answer to the last bill filed, within thirty days, and in default thereof that the bill be taken as confessed. And it was further ordered that the case be set for final hearing at the next term, as if the same was then really at issue, upon bill, answer, replication and depositions, unless the defendant fail to answer, and in that event, the case was to be heard upon bill and depositions *pro confesso*.

On the 18th January, 1853, the defendant filed his answer to the bill.

At the February term, 1854, the complainant moved the court to strike the defendant's answer from the files, because it was filed after the time allowed by order of court, which motion the court sustained, and the bill ordered to be taken as confessed, and the cause continued until the next term, with leave to take depositions.

At the August term, 1854, the defendant moved the court to set aside the order striking his answer from the files, and to permit him then to file the same. This motion the court overruled; and, thereupon, ordered the case to be referred to Archibald Rutherford, the master in chancery, to take an account and report with all convenient speed. On the next day after his appointment, the master reported. The defendant moved the court to set aside the order referring the matter of account to the master, because the order directed the master to take an account of profits of the partnership concern after the death of the intestate up to the filing of the bill, and interest thereon. 2d. Because the master was instructed to report interest upon the sum found to be due

the firm at the death of the intestate down to the time of stating the account. 3d. Because the allegations in the bill were directed to be taken as true. 4th. Because the master had been one of the attorneys in the cause for the defendant.

This motion the court overruled.

The defendant, thereupon, filed his motion to set aside the master's report, and supported the same by affidavit. For causes: 1st. That the master was once his attorney in the case, and he believes is prejudiced against defendant, and not inclined to hear all the testimony on both sides, and state the accounts justly and fairly : that notice was served upon the defendant to appear between 8 and 12 P. M., on the 17th day of August, 1854, (the day on which the case was submitted to the master) to attend before the master to the taking of evidence, &c.

The defendant, as ground for setting aside the report of the master, states on oath that he did appear at the time and place appointed, and there tendered to the master the names of witnesses, and requested subpœnas to bring them before the master to testify in his behalf, but that the master refused to allow such process or to hear any evidence whatever on the part of the defendant.

And the defendant, for second ground, stated on oath that the account was stated without evidence on his part, and the report made in secret, at an unusual hour for business, upon the evidence of the complainant alone.

This motion the court also overruled, and received the report and rendered final decree thereon against the defendant, from which he appealed.

The first ground of objection to the decision of the court is, that the answer of the defendant was rejected.

This was a decision of the court below in the exercise of its discretion in bringing the cause to a hearing, and with which this court will not interfere, unless in cases of palpable abuse of such discretionary power to the prejudice of the rights of the parties litigant. Such was not the case in this instance. It is true that the

defendant was not bound to enter his [appearance to the action: and after he had done so, he was not bound to submit to arbitrary and unjust restrictions.    But it seems that he consented to answer within 30 days, and upon his failure to do so, that the bill should be taken as confessed.    Having thus by consent waived all objection to the length of time given him to answer, as well as to the consequences which would follow his failure to do so, he has no cause to complain that the court held him to abide by the order made.    But then, although the answer was not filed within the time fixed upon by the court, still it was filed in advance of the regular time for filing the answer, and as it remained on file for more than a year, and was not objected to as insufficient, it was not a matter of surprise to the complainant ; and in view of the nature of the discovery sought, was almost indispensably necessary to a full and fair settlement of the account.    The Circuit Court, under such circumstances, and where neither delay nor surprise was occasioned, should have permitted the answer to be filed.    But, as we have before remarked, this is a matter of practice left to the discretion of the court below, with regard to which we will not ordinarily interfere, and certainly not when done by consent of parties, as appears here to have been the case.

Passing this as a matter which, of itself, would not be sufficient ground for reversing the decision of the court below, we come to consider those touching the submission of the case to the master for an account, and the proceedings before him. .

The statute requires that the master should give the parties notice of the time and place of stating the account.    This notice was evidently intended to afford to the party thus summoned, time to prepare his defence or sustain his allegations.    The statute is silent as to what length of time shall be given after notice to prepare for hearing the case before the master.    This is left a matter of discretion, to be determined by the master, and should be a reasonable notice.

In this instance, a few hours were too short a time, and between eight and twelve o'clock at night, an improper time for business,

The defendant could not be expected to prepare himself, and appear at such hours to transact business ; and, for this reason, the report should have been set aside.

But even if the notice had been sufficient, it seems that the defendant was refused process for witnesses, and denied the right to introduce any evidence before the master.

This was so palpable a violation of the rights of the defendant, as only to be accounted for upon the supposition that the master considered the default of the defendant as precluding him from all right to be heard in defence. In this he was clearly mistaken. Had this been a common law default, the defendant would still have had a right to offer evidence in mitigation of damages, and much more so would it be the case in a court of chancery.

The next question relates to the instructions given by the court to the master upon the reference of the cause to him for settlement.

Upon the death of the intestate, the partnership was dissolved, and Bernie, the surviving partner, was by law entitled to the possession of the partnership property and effects, for the purpose of settling the accounts and paying off the debts of the firm.

The first instruction given the master was, therefore, correct, because upon a settlement of accounts up to that time, it could be ascertained what was coming to the intestate's estate according to the terms of partnership.

But the second instruction required the master to take an account of the profits from the death of the intestate to the filing of the bill. This instruction is predicated upon the allegations in the bill (which by default are taken as true) that instead of selling the property, the surviving partner used the tools and materials on hand in carrying on the trade and business followed by the firm before the dissolution took place. It is true that if the surviving partner, instead of selling the partnership property, uses it in carrying on the business lately followed by the firm, the representative of the deceased partner may, at his election, claim an interest in the profits of the concern so carried on, or take in-

terest upon the amount due to him, after a full settlement of the partnership debts, at the time of the dissolution; because, from the time of the settlement of the firm debts, so much of the profits as are coming to the representatives of the deceased partner, whether so ascertained upon actual settlement or not, are to be taken as held by the surviving partner in trust for the benefit of the estate, and the fund, no matter how invested, is still so considered, and may be followed up, and the proceeds of the speculations by the investment claimed.

But upon another ground, also, the representative of the deceased partner may claim profits in the trade carried on after the death of one of the partners; because, although it is true that, upon the death of one of the partners, the partnership is for most purposes dissolved, still a community of interest remains in the partnership effects on hand at that time, until they are disposed of. Thus, in *Cranshay vs. Collins*, 15 *Ves.* 218, it was held that, after a dissolution of a co-partnership, the joint property may be used by the survivors for the benefit of all whose property it is, for the purpose of winding up engagements with third persons. And a like principle is laid down in *Ex parte Williams*, 11 *Ves.* 5. In all such cases, the survivor holds the partnership effects in trust until the same are distributed amongst the parties. And this distribution is not to be made until the partnership debts are paid. *Washburn vs. Goodman*, 17 *Pick.* 537.

From this view of the case, it is evident, that the representative of the deceased partner had a right to profits, or interest upon the sum due to the intestate's estate after the dissolution of the firm by the death of Socrates Darby. The profits to be estimated upon the amount ascertained upon settlement to be due the intestate's estate after settlement of the debts and liabilities of the firm, but not upon the labor and materials brought into the trade by the surviving partner, at his own proper cost and expenses. In other words, that if the surviving partner, instead of selling off the partnership effects, and after the payment of the debts of the firm, paying over the sum due the intestate's es-

tate, continued to use the property and effects of the firm, or such part thereof as should have been paid over to the representative of the deceased partner; to that extent, and in the proportion that such sum bore to the whole capital invested in trade after, the dissolution, should the profits be divided.

On the other hand, if the representatives of the deceased partner preferred to do so, they might elect to take interest upon the sum due, or which should have been paid after the settlement, or a reasonable time for the settlement of the partnership transactions. *Millard vs. Randall, Harring Ch.* 373.

There would, therefore, have been no impropriety in directing the master to state an account of both interest and profits, but not to charge both against the defendant in making up the account; because it is evident that he could not take both — and the court, in this case, in making up the decree, seems to have recognized this rule, as it excluded profits after the dissolution, and allowed interest in making up the decree.

From the view which we have thus taken of the case, it follows that the judgment and decision of the court below must be reversed and set aside, and the cause remanded.

And thus considering the extent of the interest of the representatives of the deceased partner and the profits arising from the continuation of the business of the firm after the dissolution by' death, and of the whole object and purpose of the bill, which is essentially for a discovery, as well as for an account, we are of opinion that the answer of the defendant is necessary to a full and fair development of the whole transaction, and to the just and equitable division of the partnership effects. The allegations in the bill, from the situation of the parties and the means of information possessed by the administrator, are not so certain and definite as to become reliable evidence upon a confession of the allegations by default. The rejection of the answer was evidently upon technical, rather than substantial grounds. It was not objected to, as not being a full and perfect answer; and was filed in time to prevent either surprise or delay. We think, under such

circumstances, the answer should not have been rejected; but if delay or inconvenience had arisen, it should have been permitted to be filed upon terms of cost, &c. Indeed, as a general rule, answers, in cases like the present, should be encouraged: and, in some cases, when a discovery is necessary to the relief sought, may be required.

When this case goes back to the Circuit Court for further proceedings, we think the court should, if asked for by the defendant, permit him to file his answer, upon equitable terms, if delay, &c., is thereby occasioned, so that issue may be taken, and a full hearing of the whole case had upon the merits.