## MARLATT VS. SCANTLAND AD. ETC.

Upon the dissolution of a co-partnership by the death of one of the partners, the survivor has the right to take possession of the co-partnership assets and settle up the affairs of the joint concern.

If co-partnership assets come to the possession of the administrator of a deceased partner, and are actually administered into his estate, the surviving partner may obtain relief in equity against the estate of his deceased co-partner, without authenticating his claim under the statute of administration. (*Dig., ch.* 4.)

Bill by a surviving partner against the administrator *de bonis non* of his deceased co-partner, charging that the first administrator had taken into his possession and shipped partnership assets (cotton) in the name of " the estate of " the deceased partner—the first administrator having been discharged as such, and his final settlement confirmed—and seeking relief against the administrator de bonis non for the assets of the partnership taken possession of by the first administrator: *Held*, 1st, That the administrator de bonis non was, alone, the proper party defendant. 2d, That the complainant was entitled to relief against the estate of his deceased partner only in the event that the partnership assets has been actually administered into the estate.

*Appeal from Phillips Circuit Court.*

Hon. CHARLES W. ADAMS Circuit Judge.

Before the Hon. E. H. ENGLISH, C. J.; Hon. C. C. SCOTT, J., and Hon. F. W. COMPTON, Special Judge—Hon. T. B. HANLY, not sitting.

PALMER and WATKINS & GALLAGHER, for the appellant.

FOWLER & STILLWELL, for the appellee.

Hon. F. W. COMPTON, Special Judge, delivered the opinion of the Court.

This was a bill filed on the chancery side of the Phillips Cir-

cuit Court, by James Marlatt against Edward P. Scantland, as administrator *de bonis non* of William Yerby deceased. On demurrer, the Court below dismissed the bill for want of equity, and the complainant appealed to this court.

The bill alleges that Yerby and Marlatt, on the 1st January, 1847, entered into an agreement to cultivate in co-partnership, a plantation in Phillips county; that the co-partnership was to continue until the 1st January, 1855, unless sooner dissolved by mutual consent; that each was to share equally the expenses and profits arising therefrom, and that Yerby was to remain on the premises and give his personal attention to the co-partnership affairs.

That pursuant to this agreement, the parties commenced and carried on in co-partnership, the business of planters until some time in the year 1851, when Yerby died; that after his death, the negroes, stock, etc., remained upon the plantation, and with them a crop was made in 1851, on co-partnership account, as though Yerby were then still living; that in July, 1852, James S. Sizer administered on the estate of Yerby, and as such administrator, took into his possession the crop grown upon the premises in 1852, consisting of 279 bales of cotton; that he shipped and sold 269 bales of the cotton in the name of "the estate of" Yerby, and the residue (10 bales) in his own name; that Marlatt was entitled, as surviving partner, to one-half the proceeds of such sale, and that Sizer had paid him part thereof, leaving a balance still due him from the estate of Yerby; that in January, 1854, the Probate Court discharged Sizer from the further administration of Yerby's estate, (the Court confirming his final settlement), and appointed Scantland administrator *de bonis non;* that all the co-partnership accounts and matters had been fully settled except those in relation to the crop of 1852; that Marlatt owed a separate debt to the estate of Yerby, evidenced by certain promissory notes made in Yerby's lifetime, which were due and unpaid at the time of filing the bill, were in the hands of Scantland, as administrator, and constituted a part of the assets of the separate estate of Yerby. Prayer:

That an account be taken touching the proceeds of the crop of 1852, that the balance due to Marlatt be ascertained, and set off against his separate indebtedness to the estate, etc., and for general relief. The bill was not sworn to.

Three questions are presented for our consideration.

1st. Does the bill seek to enforce against the estate of Yerby such a claim or demand as, under the statute regulating the administration of the estates of deceased persons, (*Eng. Digest*, *chap.* 4,) must be authenticated by the affidavit of the claimant?

2d. Are the necessary parties before the Court?

3d. Is there any equity in the bill against Scantland as administrator, etc., who, in his fiduciary capacity, is made sole defendant?

From the view which we have taken of the case sought to be made out by the bill, these propositions necessarily have a bearing, the one on the others, and may, for the sake of brevity, be considered together.

On the dissolution of the copartnership by the death of Yerby, Marlatt, the surviving partner, had the right to settle up the affairs of the joint concern, and to that end, the law clothed him with the right to take possession of the co-partnership assets. If, however, Sizer, under a misapprehension of his duty as administrator, or otherwise, seized 'upon and administered into the estate of his intestate, the copartnership assets, so as to deprive Marlatt of his rightful share thereof, and wrongfully increase the fund of his intestate's estate for the benefit of creditors and distributees, Marlatt is undoubtedly, under such circumstances, entitled in equity, to the relief which he seeks; and in seeking such relief, he does not assert such a demand against the estate of Yerby as is required to be verified by affidavit, within the purview of our statute, and the meaning of the law as laid down in *Walker ad. vs. Byers*, 14 *Ark.* 246. Marlatt's relief is not founded in a claim existing at the death of Yerby, or which came into existence after his death, nor does it require that the assets of his estate shall be diminished. It grows out of a different principle, and goes upon the ground that subse-

quent to his death, property has gone into his estate, which is *not assets*, but which is liable, nevertheless, to go, in due course of administration, *as assets*, to his creditors and distributees; to prevent which, equity will interfere, and substitute Marlatt to the rights of the creditors and distributees as to so much of the fund in the Probate Court for their benefit as has been illegally treated as assets, and will not permit them to receive it as against him.

Nor is it necessary in such case, to make the distributees of Yerby parties to the bill, for they as well as the creditors are represented by the administrator. *Story's Eq. Pl.*, *sec.* 150, *and authorities there cited.* Nor is Sizer a necessary party, unless it were designed to get a decree against him *in personam*, for such part of the co-partnership assets as he may have converted to his own use.

But there is no sufficient allegation in the bill that any part of the co-partnership assets went into the estate of Yerby, and for this reason, there is no equity in the bill.

It is not enough to say that Sizer as administrator took, shipped and sold the cotton in the name of the estate of Yerby. Such acts are not inconsistent with the fact that no part of the proceeds of the sale was paid into the estate. In his fiduciary capacity, Sizer had no right to take charge of the cotton and sell it, and when he did so, he acted outside of his duties, and was under no legal obligation to account to the Probate Court for the proceeds of the sale. Nothing done by him short of *actually administering the cotton into his intestate's estate*, will entitle the complainant to the relief which he asks, and this is not charged in the bill.

There is no error in the record and the judgment must be affirmed with costs.