ADAMS, *Ex'r., v.* WARD & CO.

PARTNERS—*Survivors.*—Surviving partners have the exclusive possession and management of the business of a firm, dissolved by the death of one of the partners, but only for the purpose of settling and closing the same, and are tenants in common with the representatives of the deceased partner.

EVIDENCE—*Partnership transactions.*—Without some evidence to connect it with a transaction with the original firm, a receipt in the hand writing of an agent of the surviving partner, not mentioned therein as such, is irrelevant and inadmissible in evidence, as against a demand in favor of the original firm.

*Appeal from Franklin Circuit Court.*

HON. THOMAS BOLES, Circuit Judge.

*Garland & Nash*, for appellants.

The receipts offered in evidence, should have been received as presumptive proof, at least, of payment, to be rebutted by W. & Co.  *1 Greenl. Ev., 14, 28 and 45; Ib. 147, note.*

From the proof, every presumption must be indulged that the parties were satisfied that the note was settled.  *Greenleaf sup; 8 Ark., 213; 9 Ib., 339; Smith (Tucker, 2, E. D.), (N. Y.) 193; Busbee v. Allen, 31 Vt., (2 Shaw) 631; 1 Wallace, (U. S.),*

*627, et seq.* The facts, taken together, show the verdict is entirely without evidence to support it, and all the court can do is to set it aside. *14 Ark., 202; Ark., 701; 20 Ib., 444.*

The court erred in refusing to give the second instruction; it was in the very language of the law. *Gould's Dig.,* p. 121, sec. 102, chap. 4; and the objection can be had at any time during the trial. *14 Ark., 237.* The third instruction was, in substance, our statute of non-claim, *Gould's Dig., sup., p. 120, sec. 99,* and should have been given. All the courts guard and enforce this statute. *14 Ark., 246-7; 18 Ib., 334.*

*Clark & Williams,* for appellees.

Did the court err in excluding the receipts, as evidence, from the jury? and, if so, is that error before this court for correction? See *Stillwell v. Young, 17 Ark., 473; Camp v. Gullett, 7 Ark., 514; Carr v. Crain, ib., 241; Lafferty v. Day, ib., 264; Campbell v. Thurston, 6 Ark., 441.*

But the court did not err in excluding those receipts. The evidence of facts, as preliminary to the introduction of evidence, is passed upon by the court, and not the jury, *and a new trial will not be granted*, where there is a fair conflict of such preliminary evidence, although the court may find against such preponderance of evidence. *Seymour v. Beach, 11 Cown, 275, 281; McMunygel v. Ross, 20 Pick., 99, 103; (Donelson v. Taylor, 8 Pick , 290; Coleman v. Woolcott, 4 Day 388, contra).* See, also, *Harris v. Wilson, 7 Wend., 57; Penful v. Carpenter, 13 Johns., 350.*

The statute of non-claim is not available. unless specially pleaded. *State Bank v. Wallace, ad., 14 Ark., 236; Walker v. Byers, ib., 259; Biscoe, et al., v. Maden, 17 Ark., 533.* But, any how, the credence went to the jury, and there being no motion for a new trial, their finding is conclusive. *State v. Jennings, 10 Ark., 429; State Bank v. Conway, 13 Ark., 344; Lefils v. Sugg, 15 Ark., 137.*

HARRISON, J.

Augustus L. Ward and Leonard C. Southmayd, surviving partners of —— Wallace, of the firm of Wallace, Ward & Co., presented to the court of probate, of Franklin county, for allowance, a demand against the estate of Abner Adams, deceased, for $481 85, a balance due on the following promissory note, made by Berry & Adams, of which firm the said Abner Adams was a member.

"$500.                          VAN BUREN, ARKANSAS,
                                      November 21, 1857.

Six months after date we promise to pay to the order of Wallace, Ward & Co., five hundred dollars, with interest, at the rate of — per cent. from date until paid.   Value received.

Witness my hand and seal.

                                      BERRY & ADAMS."

The decision in the court of probate being against the validity of the demand, the claimants appealed to the circuit court.

The circuit court reversed the judgment of the court of probate, and upon a trial *de novo*, the claimants recovered judgment for the amount of their claim.

The executor, James H. Adams, appealed to this court.

Upon the trial in the court of probate, after the claimants had read the note in evidence, the executor, having first proven it to be in the hand-writing of John Ingram, and that he was, at the date thereof, the agent of the plaintiffs, who composed the firm of Ward & Southmayd, and authorized to make collections for them, read in evidence to the jury the following receipt:

"Received, Huntsville, Ark., July 13, 1859, of H. C. Berry, five hundred dollars, on note of Berry & Adams.

                                      WARD & SOUTHMAYD,
                                          per John Ingram."

And in the circuit court, upon a like showing, he offered

again to read the same, and also the following receipt to the jury:

"Received, Huntsville, Ark., March 1st, 1860, of H. C. Berry, five hundred dollars, to be credited on note given by Berry & Adams.

WARD & SOUTHMAYD,<br>per Ingram."

Although the firm of Ward & Southmayd was composed of the surviving members of the firm of Wallace, Ward & Co., there was no identity in respect to the property and business of the two firms. By the death of their partner, they became entitled to the exclusive possession of the property and management of the business of the firm of Wallace, Ward & Co., but only for the purpose of settling and closing the same, and were tenants in common with the representatives of their deceased partner. *Par. on Part. 440.*

Without some evidence to connect the receipts with the note to Wallace, Ward & Co., and none is disclosed by the record, they were wholly irrelevant to the case; and as they were calculated to mislead the jury, the admission in the court of probate of the former, against the objections of the claimants, was an error, and for which we presume the circuit court reversed its judgment; and for the same reason the latter court did not err in excluding both from the jury.

The record presenting no other question, the judgment of the court below is affirmed.