CLINE v. WILSON, et al.

PARTNERS— *When rights vest.*—Agreement of partnership to commence *in futuro*, upon the death of one of the parties, before the time fixed for commencement, no estate or interest intended to be contributed by either of the parties, vests in the partnership and the survivor takes nothing as such.

RIGHT OF SURVIVOR.—A surviving partner has a right to the possession and control of the partnership property for the purpose of settling and closing the business, and not for the purpose of carrying it on.

*Appeal from Pope Circuit Court.*

HON. W. N. MAY, Circuit Judge.

*Gallagher & Newton* for appellant.

*Clark & Williams*, for appellees.

HARRISON, J.

This was an action of ejectment by Chesteen Cline against Curtis R. Wilson, Mary A. Dawson, Absalom Adams, Joseph A. Wilson and Jones Hicks.

Absalom Adams, Joseph A. Wilson and Jones Hicks, pleaded the general issue, Curtis R. Wilson and Mary A. Dawson the general issue, and also, specially, that the parcel of land described in the declaration, was the property, in his lifetime, of William H. Dawson, deceased, who died, seized and possessed thereof, on the 11th day of November, 1868; that they were his executors, and that, as such, entered into and took possession of the same.

To this special plea the plaintiff replied that the said William H. Dawson and himself, on the 18th day of September, 1868, formed a partnership for the purpose of carrying on the business of farming in the ensuing year of 1869, and that, by their partnership agreement, the said William H. Dawson was to contribute or furnish the said land for cultivation.

A demurrer was sustained to the replication, and the plaintiff declining to proceed further with his suit, it was dismissed by the court and judgment rendered against him for costs.

The partnership between the plaintiff and William H. Dawson having been dissolved by the death of the latter, before the beginning of the year 1869, or the commencement of the term for which it was to have the land, no estate or interest in it ever vested in the partnership, and the plaintiff, of course, could have none as surviving partner. He was entitled, as such survivor, to the possession of the property belonging to the partnership, if any, only for the purpose of settling and closing the business of the partnership, and not for the purpose of continuing or carrying it on.

The demurrer was properly sustained, and the court did not err in dismissing the plaintiff's suit, upon his refusing to proceed further with it, and rendering judgment against him for costs.

Judgment affirmed.