FARMERS' UNION GIN & MILLING COMPANY *v.* SEITZ.

Opinion delivered January 17, 1910.

EXEMPTIONS—PARTNERSHIP PROPERTY.—A debtor is entitled to claim his chattel exemptions in partnership property when his interest therein is ascertained and segregated.

Appeal from Greene Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

*Johnson & Burr,* for appellant.

1. The court had no jurisdiction to hear and determine Seitz's right to schedule. This is an action to impound a certain fund, and such an action is not within the exemption statutes of this State. Kirby's Dig., § § 3904-3906; Const., art. 9, § § 1 and 2. These statutes contemplate the filing of a schedule only in cases where an execution or other process has been or will be issued; and in this case, the fund being already in court, no process was necessary, nor was any sought. This court has held that, unless the debtor's case be within these statutes, they will be strictly construed against him. 65 Ark. 40; 52 Ark. 547.

2. The interest of Seitz in the fund involved was an unsettled partnership interest, and as to such an interest the exemption statutes are not applicable. 65 Ark. 40.

3. The schedule is legally insufficient. Kirby's Dig., § 3906; 63 Ark. 540.

*J. D. Block,* for appellee.

BATTLE, J.   Farmers' Union Gin & Milling Company, a corporation, brought suit against W. L. Seitz, A. D. Grayson, George W. Cox and St. Louis Southwestern Railway Company, in the Greene Chancery Court.   It alleged that it commenced an action on the 20th day of December, 1907, before a justice of the peace, against the defendant, Seitz, to recover the sum of ninety-eight dollars, and recovered a judgment against him for that amount; and on the 14th day of January, 1908, sued out before said justice of the peace a writ of garnishment against the St. Louis Southwestern Railway Company, commanding the garnishee to appear before the justice of the peace on the 26th day of February, 1908, to answer what goods, chattels, moneys, credits or effects it had in its hands belonging to Seitz, to which it answered that on the 17th day of February, 1908, the defendants Grayson and Seitz, as partners, recovered a judgment in the Greene Circuit Court against it for $422.78.   And plaintiff further alleged that the judgment now amounts to $472, and that Seitz is the owner of one-half thereof, and was on the 20th day of December, 1907, and has been continuously since that date to the present time, wholly and totally insolvent, and has no property whatsoever, either real or personal, out of which satisfaction of the above judgment could be made, except the interest of Seitz in the judgment recovered against the railway company. And it, plaintiff, asked for a judgment against Seitz for $98 and interest and costs of action, and a decree charging the interest of Seitz in the judgment for $472 against the railway company with the payment of the judgment "in favor of plaintiff so to be rendered;" and that the railway company be ordered and adjudged to pay plaintiff out of the judgment against it in favor of Seitz.

Grayson answered and said that the total amount of the judgment rendered against the railway company is $516.15, from which is to be deducted $211.05, leaving $305.10 to be divided equally between defendants, Grayson and Seitz, the latter's half being $152.55.

The railway company answered, and admitted the issuance of the writ of garnishment and its answer to the same.

The defendant, Seitz, after giving notice to plaintiff of his

intention to file a schedule claiming his exemptions, did so and stated that he was a resident of the State of Arkansas and a married man and the head of a family, and that he is the owner of the following described property, in addition to the wearing apparel of himself and family, towit: a one-half interest in a certain judgment recovered by himself and A. D. Grayson, as partners, against the St. Louis Southwestern Railway Company, the amount due him on account thereof, after paying costs and attorney's fees, being $152.55, and claimed the same as exempt from garnishment or order of court in this suit; and he appended to such schedule an affidavit, in which he swore that the schedule embraced all of his property of every kind, except wearing apparel of himself and family, and that the personal property claimed as exempt does not exceed in value the sum of $500, and that he is a married man and the head of a family and a resident of the State of Arkansas; and that the judgment in favor of plaintiff is for debt due upon contract.

Plaintiff demurred to the schedule (1) because the chancery court had no jurisdiction to hear and determine defendant's right to schedule his personal property in this suit; (2) because the schedule shows upon its face that it is an attempt to schedule his interest in an unsettled partnership fund; (3) because the affidavit attached to the schedule is insufficient in law.

The court upon final hearing overruled the demurrer, and found that the railway company had paid into court the amount of the judgment due from it to the defendants, A. D. Grayson and Will Seitz, and that the said Will Seitz is entitled to schedule and claim as exempt the part due him as against any claim or right of the plaintiff, and decreed that the railway company be discharged from any liability to the plaintiff or defendants, that the motion of plaintiff be dismissed, the schedule filed by Seitz be overruled, and that Seitz be permitted to schedule the fund paid into court against plaintiff's debt, and that such fund so paid be paid to Grayson and Seitz as their interests may appear, and dismissed plaintiff's complaint for want of equity. The plaintiff appealed.

Under the Constitution of this State, Seitz was and is entitled to hold specific articles of his property to be selected by him, not exceeding in value $500, in addition to the wearing ap-

parel of himself and family, exempt from seizure on attachment or sale on execution or other process from any court on debt by contract. Const. 1874, art 9, § .2. His selection of exemption is not confined to any particular property. If it be in partnership property, he is entitled to select it when it is ascertained and segregated. *Porch* v. *Arkansas Milling Company*, 65 Ark. 40. Appellant alleged in its complaint that one-half of the judgment for $472 is all the property owned by him. That is an admitted fact. Whatever amount that may be, it is certain that it is not equal to his exemption. He claims that as such and he is entitled to it. Without further investigation or proceedings, it is settled that appellant's complaint is withhout equity.

Decree affirmed.