## Swift & Company *v*. Cox.

### Opinion delivered May 12, 1919.

1. JUSTICES OF THE PEACE—APPEAL—AMENDMENT OF PLEADINGS.— Upon appeal form a justice of the peace to the circuit court in an attachment case, it was not an abuse of discretion to permit the defendant to file an affidavit controverting the grounds of attachment, as the circuit court may permit the pleadings to be amended, so long as new causes of action or new set-offs are not allowed.

2. ATTACHMENT — FORM OF BOND.—Whether a bond given by defendant in an action of attachment was made under Kirby's Digest, § 362 or § 372, is unimportant where the attachment was discharged.

3. EXEMPTIONS—AMENDMENT OF SCHEDULE.—Where a debtor's schedule of exemptions claimed property in excess of the statutory exemption, the court properly permitted an amendment which excluded enough property to bring the remainder within the limit.

4. SAME—PARTNERSHIP PROPERTY.—A debtor cannot claim his chattel exemptions in partnership property until his interest therein has been ascertained and segregated.

Appeal from Sebastian Circuit Court, Fort Smith District; *Paul Little*, Judge; reversed.

*W. H. Dunblazier*, for appellant.

1. It was error to overrule appellant's motion to sustain the attachment on the ground that appellees had

failed to file affidavit or answer under oath denying the grounds of attachment as provided in sections 414, 416, Kirby's Digest, and in permitting appellees, after the trial was in progress, to file pleadings when they had been waived. *Ib.* The attachment should have been sustained when appellees failed to file their affidavit or answer under oath. *Ib.;* 90 Ark. 454.

2. It was error to allow the exemptions claimed by Cox and allow a supersedeas. The justice ordered the amended schedule, the exceptions to the report of appraisers and certified copy of the chattel mortgage stricken from the files and appellant failing to appeal from this order the same could not be considered by the circuit court with no evidence other than the verification of the original schedule to support it. The order should stand. It was not amended as contemplated by Kirby's Digest, section 3907. Neither the amended schedule, nor exceptions to the report of appraisers, are authorized by law, and are inconsistent with the original schedule filed, and could not be considered by the circuit court. Kirby's Digest, § 3915.

3. It was error to refuse to order the partnership property levied on sold and the proceeds applied to payment of the judgment, partnership property not being subject to schedule.

4. There was ample evidence to sustain the attachment. Kirby's Digest, seventh ground for attachment. The complaint should be treated as amended to conform to the evidence. 29 Ark. 323; 40 *Id.* 352. The sale of the property had been made prior to the trial.

5. The court erred in sustaining objections to interrogatories propounded by appellant's counsel in an attempt to prove that appellees were about to sell their property or otherwise dispose of it with intent to defraud creditors, etc. 90 Ark. 454.

*J. E. Cox pro se.*

1. The trial before the justice was without formal affidavit denying the grounds of attachment, but testi-

mony was taken and the attachment dissolved. All objections were waived, but the trial in the circuit court was *de novo* and there appellee was properly allowed to file his formal affidavit denying the grounds of attachment, etc.  Kirby's Digest, sections 416, 4580.  All objections were waived.  35 Ark. 109; 52 *Id.* 318; 30 *Id.* 560; 42 *Id.* 485.  Amendments are allowable.  44 Ark. 375.  The trial in the circuit court, was *de novo* on the merits and technical objections to the form of procedure are futile.  46 Ark. 38; 35 *Id.* 501.

2.  There was no error in sustaining the schedule and ordering supersedeas.  The amendment was properly allowed.  No judgment was asked on the bond.  The judgment is right on the whole case.  *Supra.*

SMITH, J.  Appellant sued appellees, J. E. Cox and J. A. Ray, co-partners doing business as Cox & Ray and operating a butcher-shop in Fort Smith, before a justice of the peace, on an open account for $290, and at the same time sued out an attachment against the fixtures and goods on hand, on the ground that they were about to dispose of these partnership assets with the fraudulent intent of cheating their creditors.  The possession of the attached property was returned to Cox upon the execution of the following bond:

"We undertake to pay to the plaintiff, Swift & Company, such sums of money, not exceeding five hundred eighty ($580) dollars, as may be adjudged to him in this action, or that the property, viz., as per list attached and made a part hereof, attached hereto shall be forthcoming and subject to the order of the court for the satisfaction of such judgment as may be rendered in this action, on the day of sale, whichever shall be directed by the court."

Judgment for the amount sued for was rendered by default; but the attachment was not sustained.  Execution was immediately issued and levied upon the attached

of property which he claimed to own and which he claimed as his exemptions.  This schedule included the attached

property. The justice did not sustain the claim of exemptions; whereupon both parties appealed, appellant from the judgment on the attachment and appellee from the denial of his exemptions.

No affidavit was filed in the justice court controverting the grounds for attachment recited in the affidavit therefor, and appellant filed a written motion in the circuit court that the attachment be sustained for the want of the controverting affidavit. The court first took the view that the right to make this motion had been waived inasmuch as it had not been made in the justice court, but later granted appellee Cox permission to file this affidavit, and the affidavit was then filed, to which action of the court exceptions were duly saved. The cause was submitted to the court sitting as a jury by consent, and the court dissolved the attachment and sustained the claim of exemptions in the attached property, and this appeal has been duly prosecuted.

Judgment is now asked upon the bond set out above upon the ground that it imports an obligation to pay the debt notwithstanding the attachment has been dissolved. And complaint is also made of the action of the court in permitting appellee to amend his schedule; and in sustaining the claim of exemptions based upon the amended schedule.

No abuse of discretion was committed by permitting appellee to file the controverting affidavit in the circuit court. The appeal took the case to the circuit court for a trial *de novo,* and the filing of this affidavit did not offend against section 4682 of Kirby's Digest, which provides that "The same cause of action, and no other, that was tried before the justice shall be tried in the circuit court upon the appeal, and no set-off shall be pleaded that was not pleaded before the justice, if the summons was served on the person of the defendant." The circuit court may permit amendments of the pleadings and allow new issues to be made, keeping clear of new causes of action and set-offs not presented in the court below.

*Railway* v. *Hall,* 44 Ark. 375; *Birmingham* v. *Rodgers,* 46 Ark. 254; *Meddock* v. *Williams,* 91 Ark. 93.

The briefs discuss the question whether the bond set out above was executed under section 362 or 372 of Kirby's Digest, it being insisted that while appellee intended to execute the bond authorized by section 372 he has in fact executed the one authorized by section 362. This question is unimportant, as liability on the bond executed under either section would be discharged by the dissolution of the attachment, and the attachment was dissolved.

Complaint is made of the action of the court below in permitting appellee to file an amendment to his schedule in which he waived his claim of exemptions to portions of the property there described. The justice of the peace had caused the property listed in the schedule to be appraised, and its value as thus ascertained exceeded five hundred dollars, the maximum amount which could be claimed as exempt. The amendment to the schedule which the circuit court permitted appellee to make excluded from the property claimed as exempt certain property bought by Cox & Ray, the title to which had been reserved by the vendor and certain other articles upon which they had executed a mortgage. Omitting the articles upon which there was a mortgage and a vendor's lien, the remainder did not equal five hundred dollars in value. The court properly permitted this amendment to be made.

It does not follow, however, from what we have said that the court properly sustained the claim of exemptions. Indeed, under the undisputed testimony, as the same appears in the record before us, this should not have been done. It was admitted of record in the trial that Cox and Ray were partners, and no attempt was made to explain how, if at all, Cox acquired the interest of Ray. Indeed, questions were propounded to Cox by appellant which afforded the opportunity to make this explanation, but an objection to this testimony made by Cox's attorney was sustained, and we have a record containing an admission of a partnership with an attempt by one of the

partners to claim as exempt the partnership assets against a partnership debt. In the case of *Farmers' Union Gin & Milling Co.* v. *Seitz,* 93 Ark. 329, we said (to quote the syllabus) : "A debtor is entitled to claim his chattel exemptions in partnership property when his interest therein is ascertained and segregated."

But this right exists only when this interest has been ascertained and segregated, for the right of exemption does not exist so long as the property claimed as exempt is partnership property. *Richardson* v. *Adler,* 46 Ark. 43; *Porch* v. *Arkansas Milling Co.,* 65 Ark. 40. So the judgment here must be reversed and the cause remanded for a trial of this issue, the burden being on the claimant to establish his right of exemptions. *Porch* v. *Arkansas Milling Co., supra.*