HOGAN v. HOGAN.

5-2513                                    352 S. W. 2d 184

Opinion delivered December 18, 1961.

[Rehearing denied January 15, 1962.]

384

*Holt, Park & Holt,* for appellant.

*Robert C. Downie* and *Edwin E. Dunaway,* for appellee.

NEILL BOHLINGER, Associate Justice. The appellant and the appellee were married on March 2, 1942, the appellant at that time being a stockholder in the Greater Little Rock Stock Yards, a corporation. The appellee was employed by the corporation as a bookkeeper. In November 1943 the corporation was dissolved. The appellant had acquired all the stock of the corporation and continued to operate the business. The appellee continued as bookkeeper for the business but was paid no salary.

The appellee herein contends that after the dissolution of the corporation she and the appellant became

joint partners in the business and that thereafter the business filed partnership returns for income tax accounting and that for the last two months of 1943 and the years 1944-45-46 the profits of the business were divided equally between appellant and appellee. After the year 1946, the profits remained in the business and the living expenses of the parties and the expenses of the business were withdrawn from the joint business account as needed.

On February 12, 1960 the appellee filed in the Chancery Court her complaint seeking a divorce from the appellant. Two children had been born of the marriage and she asked permanent care and custody of the minor children; alimony and support money; possession of the premises which appellant and appellee had used jóintly up until that time; and further asked for a division of the property commonly owned by the parties and for her statutory rights in all property individually owned by appellant.

The matter was presented to the Chancery Court which granted the appellee a divorce from the appellant, giving her the exclusive possession of the residence of the parties, custody of the minor children and awarded the appellee $300.00 per month for the maintenance and support of the minor children and also attorney's fees. The part of decree granting the divorce, use of the living quarters, the $300.00 a month support money and attorney's fees is not questioned here.

The chancellor further found that the parties herein were the owners and operators of the Greater Little Rock Stock Yards, a partnership in which each partner owned a one-half undivided interest; that the net worth of said business was $33,439.52; that the appellant was due the partnership account $17,500.00 as the proceeds from some bank stock that had been bought with partnership funds; that there was a refund of federal taxes due the partnership in the sum of $9,327.57, making the adjusted value of the partnership $60,267.09, one-half of which sum was awarded to the appellee. The court further

found that the appellee was entitled to a one-third interest in the cash surrender value of certain life insurance policies which one-third interest amounted to the sum of $12,004.00. The appellant was further required to execute a proper conveyance of the residence to appellee so as to create an estate by the entirety in the said real property. The court further awarded the appellee a one-third interest for life in 17 acres of land in appellant's name in Pulaski County, Arkansas, of a value of approximately $5,000.00.

The court further found that purchases of U. S. Savings Bonds had been made from partnership funds for benefit of the two minor daughters of the parties; bonds in the amount of $30,000.00 for Lou Ann Hogan and of $20,000.00 for Patti Hogan. The bonds purchased for Patti Hogan were cashed by the appellant and invested in the business and the transaction appears as a credit account in the name of Patti Hogan on the books of the Stock Yards Company and is listed in the accounting as a liability. The court directed that this sum and the bonds purchased for Lou Ann Hogan be held in trust.

From this decree the appellant prosecutes this appeal, alleging that the Greater Little Rock Stock Yards was never a partnership and that the court erred in dividing that property equally between the parties herein. It does not appear to be questioned that the parties filed a partnership return in reporting their income. The returns, as filed, showed that each of the parties hereto owned fifty per cent of the business and the appellant had signed the statement on the tax form, in which he declared, under the penalty of perjury, that the return had been examined and was true and complete. The federal partnership return appears to have been questioned by the Internal Revenue Service and the partners herein went to the Regional Office in Oklahoma where they jointly urged that Mrs. Hogan was a partner in the business and the Treasury Department thereafter recognized Mrs. Hogan as a partner in the Greater Little Rock Stock Yards and made an adjustment in the partnership returns on that basis. The appellant further, in his testi-

mony, used the expression that "he fought the government for it to be a partnership" and that the partnership relationship had saved him approximately $100,-000.00 in four or five years. It further appears that for more than three years the profits of the business were divided equally between Mr. and Mrs. Hogan. The profits were not divided after 1946 for it is stated that profits were deemed necessary for the expansion and progress of the business and the parties hereto thereafter only took their living and business expenses from the joint business account.

The appellant herein now says that a partnership did not exist for the reason that *inter alia* Mrs. Hogan had not put any money into the partnership or purchased any part thereof from him. It was not necessary for her to so do in order to create a partnership. A partner may bring to the business of the partnership other things than money. A partner may contribute skill or other things that are necessary to accomplish the purpose for which all business partnerships are formed—namely, making money. This seems to have been accomplished by Mrs. Hogan's participation in the partnership when we consider the appellant said the partnership arrangement saved him $100,000.00 over a period of several years and appellee continued to work at the business. This has all the earmarks of a partnership and we are unable to say that the chancellor erred in so holding and making a division on the basis of a partnership.

In *Reed* v. *Reed,* 223 Ark. 292, 265 S. W. 2d 531, this court said:

"There is a sharp conflict in the testimony as to whether Helen is a partner in the plumbing business, and although there is substantial evidence to sustain the contention of such a partnership, there is also convincing evidence to the contrary; and we cannot say the Chancellor's finding in that respect is against the preponderance of the evidence."

Further, in *Williams* v. *Williams,* 186 Ark. 160, 52 S. W. 2d 971, a divorce action in which there was a controversy over the property settlement, this court said:

" * * * It is clear from the evidence that both appellant and appellee worked and conducted the business which resulted in the accumulation of the property in controversy. It is immaterial whether there was a partnership. If appellee and appellant, by their joint work, labor and management, acquired the property, a court of equity would, even before the recent statutes, protect the wife's interest in the property.

* * * The Chancellor found that the appellee was the owner of one-half of the property, and we cannot say that his finding is against the preponderance of the evidence."

We are further unwilling to disturb the chancellor's finding as to the value of the partnership property. The finding was largely in line with the testimony of the appellee but the appellant had the books of the business and testified that he had an auditor, whom he neither named nor produced, and offered only generalized statements that were not, in the opinion of the chancellor, sufficient to overcome the testimony and evidence presented by the appellee. This finding we do not disturb.

Point two argued by appellant for reversal alleges that the court erred in admitting certain ledger sheets introduced by the appellee. We take it that the point is directed solely at the two ledger sheets which the appellee identified and introduced as the original ledger sheets from the books of the Greater Little Rock Stock Yards. They were identified as to the date they were made, the person making them, the transactions they purported to show and that they were made during the regular course of business. These sheets were admissible under Ark. Stats. 28-928 for the purpose of showing that the appellee had participated in the profits of the business. The ledger sheets were not admitted to show the partnership itself, but for the purpose of showing par-

ticipation in the profits which is only one of the criteria for showing the existence of a partnership. Even if the ledger sheets had not been admitted, there was other sufficient evidence to show that the partnership did exist.

For his third point the appellant contends that if a partnership did exist, the lower court erred in ordering appellant to pay one-half of the book value without complying with the Uniform Partnership Act. We do not agree. The Uniform Partnership Act does not prevent a chancellor, in a divorce proceeding, from dividing the partnership property between a man and wife who are the partners, when there are no other partners or creditors involved.

In the case of *Johnson* v. *Lion Oil Company,* 216 Ark. 736, 227 S. W. 2d 162, this court said:

"As long as the agreement creates the basic structure of a partnership, we think the parties may insert details that would be treated differently by the Act in the absence of the contractual provisions."

Since partners can agree that certain matters can be handled in a different manner than that provided under the Uniform Partnership Act in the absence of other partners or creditors, a chancery court, in dividing property between man and wife in a divorce proceeding, may proceed in a different manner than provided in the Partnership Act. We find no error and the case is affirmed on direct appeal.

The appellee has cross-appealed from the denial of the chancery court of her prayer for a one-third interest in the one-half of the partnership property decreed to appellant. We think it is well settled that the wife is entitled to a one-third interest in the personal property owned by her husband as an individual. But the rule applicable in this case is found in *McLerkin* v. *Schilling,* 192 Ark. 1083, 96 S. W. 2d 445:

"It will be noticed that the statute is applicable to 'the personal estate of such deceased person.' Partnership assets are not the personal estate of the individual

partners during their lifetime, and death of one of the partners does not make them such. Partnership assets belong to the partnership, and not to the individual partners. Such assets never become the personal estate of the individual partners until the partnership is dissolved, its debts paid, and the remaining funds distributed. The death of one of the partners dissolves the partnership. We have so held since *Bernie* v. *Vandever,* 16 Ark. 616. In the same case and ever since, it was and has been held that the surviving partner is entitled to the partnership property and effects for the purpose of paying the debts of the firm. *Marlatt* v. *Scantland,* 19 Ark. 443; *Adams* v. *Ward,* 26 Ark. 135; *Cline* v. *Wilson,* 26 Ark. 154; *Hill* v. *Draper,* 54 Ark. 395, 15 S. W. 1025; *Coolidge* v. *Burke,* 69 Ark. 237, 62 S. W. 583; *Evans* v. *Hoyt,* 153 Ark. 334, 240 S. W. 409.''

As this court said in the case of *Richardson* v. *Adler, Goldman & Co.,* 46 Ark. 43, ''property belonging to the firm cannot be said to belong to either partner as his separate property.''

In the case of *Reed* v. *Reed,* 223 Ark. 292, 265 S. W. 2d 531, it was stated, in connection with the statutory interest of the wife in her husband's property, that she is entitled to one-third of her husband's personal property absolutely [Citing cases]. This would include one-third of any interest the husband might own in a partnership with his brother or anyone else. Since it is pointed out that the wife might be entitled to an interest in a partnership between her husband and someone else, it is thus stated that the application is to a partnership in which the wife is not involved. To reach the interest of the husband under those circumstances, a charge order must be resorted to.

In a partnership, the partners are co-principals and the partnership estate is not altogether dissimilar from an estate in the entirety. In any event, it cannot be said to be individual personal property. Ark. Stats. 65-125, Nature of partner's right in specific partnership property—states:

"A partner is coowner with his partners of specific partnership property holding as a tenant in partnership. * * *

(e) A partner's right to specific partnership property is not subject to dower, curtesy, or allowances to widows, heirs, or next of kin."

Since the one-half interest which the appellant had in the partnership was not specific personal property, it follows that the statutory one-third interest of the appellee does not apply and the chancellor was correct in so holding.

This case is affirmed both on direct and cross-appeal.

ROBINSON and JOHNSON, JJ., dissent.

WARD, J., not participating.

JIM JOHNSON, Associate Justice, dissenting. After carefully reviewing the entire record before us on trial *de novo,* my conscience will not permit me to agree with the majority opinion.

Here we have a young divorcee who after working for appellant for some seven or eight months as a $125 per month bookkeeper married her wealthy boss. Soon after the marriage it was determined that appellant could save money on his exorbitant income taxes if he should file a partnership return rather than an individual return. This was done. Because of this one act, appellee now contends that she was a full partner in the business and therefore entitled not only to a full 1/2 of the fruits of appellant's entire business efforts, but further contends that she is entitled to a 1/3 share of appellant's remaining 1/2 interest.

As early as 1840 this Court declared the rule from which it has not deviated that as between the parties themselves, the agreement or contract alone constitutes them partners. *Olmstead* v. *Hill,* 2 Ark. 346. In the instant case there was absolutely no agreement or contract except the agreement to save money by taking advantage of the liberal partnership tax laws.

The Uniform Partnership Act, Section 65-106 of the Arkansas Statutes, defines a partnership as:

"(1)   A partnership is an association of two (2) or more persons to carry on as co-owners of a business for profit.

"(2)   But any association formed under any other statute of this state, or any statute adopted by authority, other than the authority of this state, is not a partnership under this Act, unless such association would have been a partnership in this state prior to the adoption of this act  .  .  ."

Appellee relies almost solely upon the fact that the Income Tax Division of the Treasury Department of the United States and the Commissioner of Revenues of the State of Arkansas permitted the parties to file income tax returns as a partnership to establish conclusively that the Greater Little Rock Stock Yards was a partnership.

Since the status of a partnership was given this company only by a division of the tax departments of the Federal and State Governments for income tax purposes, and since it has never been established as a partnership under the authority of the laws of this State governing partnerships, the question then arises—would such an association have been a partnership in this State prior to the adoption of the Uniform Partnership Act?

It must be borne in mind that the income tax division of the Treasury Department of the United States and the Revenue Department of the State of Arkansas are only departments or agencies of their respective governments.

There is no doubt in my mind but that all of the necessary elements of a partnership, either before or after the adoption of the Uniform Partnership Act, are sadly lacking in this case.

Appellee stated: "I started as bookkeeper in June 1941 for the Greater Little Rock Stock Yards, Inc. It

was a corporation then. I was paid $125.00 per month salary as bookkeeper. The Greater Little Rock Stock Yards was formed as a partnership on November 1, 1943, and I made the partnership tax returns for the two months in 1943 and every succeeding year including 1959."

As I view the matter, the only question before us is—did the filing of income tax returns as a partnership with the income tax division of the Federal Government and the State of Arkansas conclusively fix the status of the Greater Little Rock Stock Yards as a partnership?

Appellant stated: "I found out I could save quite a bit of money by taking her in as a partnership. The Internal Revenue people challenged this and asked me why I took her in if it was not for tax purposes only. We went before the technical staff in Oklahoma City and I told them it was for tax purposes only. I also showed the Arkansas return that way. You don't establish that and turn around and knock it in the head. It was saving me a lot of money by establishing it in 1943 and 1944. They knew Mrs. Hogan did not have any money in the business and had no knowledge of running it."

Even appellee did not dispute that the Federal and State Income Tax Returns were filed as a partnership for the purpose of saving on their taxes.

Mrs. Hogan was asked on Cross-Examination:

"Q. That partnership entered into in order to save money as far as the tax structure of the Federal Government was concerned?

"A. That was one valid reason.

"Q. How much money did you put in the partnership?

"A. At the time we opened the partnership I did not put any money in it."

Persons who are associated as principals in a common business and share both the profits and losses are generally considered partners.

"If they are not so associated, but the stipulation is part of an arrangement to avoid competition, or to conduct a litigation in the results of which they are severally interested, or to secure a greater activity or skill on the part of a servant or agent, or to *accomplish some similar purpose,* the mere sharing of profits and losses will not make them partners." Outlines of Partnerships, Donald J. Kiser, L. L. D. (Emphasis supplied.)

Following the rules as set out above, I cannot escape the conclusion that the filing of income tax returns for the sole purpose of reducing their tax burden did not make the business a partnership between the parties. Therefore, I respectfully dissent.