CROW *v.* ROGERS.

Opinion delivered April 21, 1930.

*Price Dickson*, for appellant.

*J. V. Walker*, for appellee.

KIRBY, J., (after stating the facts). Appellant urges as the only question for determination that the court erred in holding the lien of his chattel mortgage on the undivided interest in the Williams-Rogers Agency inferior and subject to the equitable lien of the Motor Credit Company, a creditor of the old partnership. Appellee Rogers continued in the partnership business with Williams after he had purchased the McMichael interest, and mortgaged his undivided one-half interest therein to secure his individual debt to Homer Crow, appellant. The rule is announced in 47 C. J. 919, § 410, as follows:

"The rights of the creditor of an individual partner in the firm assets are confined to the share or interest of his debtor in such assets, and since a partner's share thereof can be ascertained only after the firm debts have been paid, an individual creditor is entitled to be paid only out of the debtor partner's share in the surplus which remains after the firm debts have been paid, and the equities between the partner and his copartners have been adjusted, and the partner's share has been ascertained and set apart." Our case, *Parker* v. *Wells*, 84 Ark. 172, 105 S. W. 75, is cited in support of this text. See also 47 C. J. 937, § 437.

The agreement between McMichael and Rogers with Roy Williams, purchaser of McMichael's interest in the agency, to which appellant Crow was not a party, to pay the debts of the old partnership could not have had effect to release the assets from the equitable lien of the Motor Company or estop it from asserting the superiority of its claim against such partnership assets over the mortgage of Rogers' interest to Crow. The mortgage was given by a partner of his interest in the firm property to secure an individual debt after the creation of the debt to the Motor Credit Company, a general creditor of the firm, and only covered the partner's interest in the assets after the payment of the firm creditors, the lien of same being subject and inferior to the rights of the creditor of the partnership in such assets. The decree is affirmed.