FISH *v.* WOOD.

4-6556                                    158 S. W. 2d 267

Opinion delivered January 12, 1942.

*T. S. Lovett, Jr.,* and *G. E. Snuggs,* for appellant.

*Surrey E. Gilliam* and *Floyd E. Stein,* for appellee.

HUMPHREYS, J. Appellant obtained a judgment on eleven separate counts of $100 each against appellee, J.

B. Wood, on September 30, 1935, in the total sum of $1,507.90, including principal and interest, in the court of Quinton Tarver, a justice of the peace, in Cane Creek township, Lincoln county, Arkansas. An execution thereon was issued out of said court on October 30, 1937, which was returned *nulla bona* on November 1, 1937. Thereafter the judgment was duly certified to the clerk of the circuit court of Lincoln county and recorded in the judgment record "A," at p. 66.

On April 10, 1940, appellant had three writs of garnishment issued on said judgment by the clerk of said court directed to the sheriff of Union county—one against the First National Bank of El Dorado, one against the National Bank of Commerce of El Dorado, and one against the Exchange Bank & Trust Company of El Dorado, Arkansas. The sheriff made returns on each of the original writs stating that he had duly served same upon each garnishee by delivering a true copy of each writ and stating the substance thereof to each of the designated agents by service of process.

Immediately after the service of each of said writs of garnishment the respective garnishees filed separate answers as follows:

The First National Bank of El Dorado answered that at the time the writ was served it had on deposit in its bank $689.62 in the name of J. B. Wood.

The National Bank of Commerce of El Dorado answered that at the time the writ was served upon it, it had on deposit $394.90 in the name of "The Cycle Shop" subject to the check of J. B. Wood.

The Exchange Bank & Trust Company of El Dorado answered that at the time the writ was served upon it, it had on deposit $200.25 in the name of J. B. Wood.

Defenses were interposed by J. B. Wood and Orell Bledsoe to the validity of the writs of garnishment on the grounds that they were improperly issued and improperly served on the respective garnishees and in addition to the invalidity that the funds in the several banks garnisheed at the time of service, were partnership funds and not subject to garnishment at law for the individual

debts of one of the partners. It was alleged that the funds attempted to be reached by garnishment in the hands of the several garnishees were joint funds of J. B. Wood and Orell Bledsoe and on that account the funds were not subject to garnishment at law.

The cause was submitted upon the various issues presented by the several pleadings and the testimony introduced by the respective parties to the court, sitting as a jury, with the result that all issues joined were determined by the court in favor of appellees and pursuant to the finding of the court a judgment was rendered to the effect that the funds were partnership funds and not subject to garnishment for the individual debt of J. B. Wood, from which judgment an appeal has been duly prosecuted to this court.

We think there is substantial evidence in the record sustaining the finding and judgment of the trial court that the funds garnisheed were partnership funds belonging to J. B. Wood and Orell Bledsoe jointly and were not subject to garnishment for the individual debt of J. B. Wood without a showing that the funds were not needed to pay partnership debts.

The partnership agreement between J. B. Wood and Orell Bledsoe, was in writing, duly acknowledged by the partners and signed on January 1, 1940, before the garnishments were issued. We find nothing in the record which reflects on this partnership agreement. In addition to the partnership agreement, J. B. Wood testified relative to the formation and continued existence of the partnership. He testified relative to the duties of each under the partnership and how the work was shared and divided and said that it was on a fifty-fifty basis. He testified that Bledsoe was to look after the mechanical end and Wood's duty was to look after the bookkeeping and other details of the business. He also testified that the funds in the banks had been accumulated and deposited out of the proceeds of the partnership business.

In view of this testimony we cannot say that there was not substantial evidence in the record to show that the funds were partnership funds.

We think there can be no question that partnership funds cannot be garnisheed at law to pay the individual debts of one of the partners. This court said in the case of *Crow* v. *Rogers,* 181 Ark. 633, 26 S. W. 2d 1112, that: "The rights of the creditor of an individual partner in the firm assets are confined to the share or interest of his debtor in such assets, and since a partner's share thereof can be ascertained only after the firm debts have been paid, an individual creditor is entitled to be paid only out of the debtor partner's share in the surplus which remains after the firm debts have been paid, and the equities between the partner and his co-partners have been adjusted, and the partner's share has been ascertained and set apart."

The rule is further stated in 20 Cyc., p. 1029, as follows: "According to the weight of authority, partnership credits can in no case be taken by garnishment to pay the individual debt of a member of the firm; at least while the partnership is a continuing one, and there has been no adjustment between the partners."

In 12 R. C. L., at p. 798, under the title of "Liability to Partners" the rule is announced as follows: "Two distinct questions present themselves in respect to the rights of garnishing creditors as to partnership assets, to-wit: first, the right of an individual creditor of one of the partners to garnish a debt due from the garnishee to the firm of which the principal debtor is a member, and secondly, the right of a creditor of the partnership to garnish a debt due from the garnishee to one of the partners individually. In regard to the first of these problems, by the weight of authority, in an action against one of the partners alone, a person indebted to a firm of which such debtor is a member is not liable as garnishee. The reason of this rule is that garnishment is essentially a legal proceeding, and not adapted for the ascertainment and settlement of equitable rights between the garnishee and the defendant and that a court of law has no power to act on the debt, until by an adjustment of the partnership affairs, it shall appear whether the defendant has any and what interest in the general surplus, or the particular debt."

In view of the finding of the trial court, on substantial evidence, that the funds garnisheed were partnership funds and not subject to garnishment at law, we deem it unnecessary to recite the testimony responsive to the other issues in the case, especially those attacking the validity of the issuance and service of the writs of garnishment. Even if the writs were properly issued and properly served they could not reach the funds found by the court to be partnership funds.

No error appearing, the judgment is affirmed.