CREWS *v.* CREWS.

Opinion delivered April 28, 1900.

DIVORCE—BOTH PARTIES AT FAULT.—Under Sand. & H. Dig., ? 2505, giv-
ing the circuit court power "to dissolve and set aside a marriage con-
tract not only from bed and board, but from the bonds of matrimony,"
upon certain grounds mentioned, that court has the discretion, in an
action wherein both parties ask for absolute divorce, to grant a divorce
from bed and board to the party least in fault, although neither party is
entirely blameless. (Page 159.)

Appeal from Clay Chancery Court, Eastern District.

EDWARD D. ROBINSON, Chancellor.

*J. D. Block*, for appellant.

Indignities, to constitute ground for divorce, need not be
offered to the person, but may consist of reproaches, etc. 9
Ark. 1, 516; 33 *id.* 156; 38 *id.* 1, 131; 44 *id.* 429. In test-
ing the conduct of a complainant who has proved a cause for
divorce, the provocation under which he acted, etc., must be
considered. 53 Ark. 486. The jurisdiction of chancery courts
to grant divorces is statutory in Arkansas. 24 Ark. 552; 9
Am. & Eng. Enc. Law, 726. The statute (Sand. & H. Dig.,
§ 2505) confers power to grant divorces "not only from bed
and board, but from the bonds of matrimony," upon the same
grounds. Hence, if the facts do not justify a decree *a vinculo*,
they do not a decree from bed and board. No divorce
can be granted on the unsupported testimony of the complain-
ing party. 34 Ark. 37; 38 *id.* 119. When the evidence
shows that parties are *in pari delicto*, neither will be granted
any relief. 53 Ark. 484; 2 Bish. Mar. & Div. (Ed. 1891) §

475.   Alimony should be limited not by the life of the wife, but by the joint lives of husband and wife and remarriage by the latter.   24 Ark. 522; 38 *id.* 119.

*L. Hunter*, for appellee.

The evidence shows that appellant subjected appellee to intolerable mistreatment.   Hence, even if she were equally to blame, he is entitled to no relief.   53 Ark. 484.   In view of appellant's conduct, appellee's accusations against him would not justify a decree in his favor.   42 N. W. 372.   Appellant's conduct toward appellee amounted to cruelty.   51 Md. 72, 75; 53 Ia. 511; 53 Ark. 484; 44 Ark. 429.   Our statute authorizes divorces from bed and board.   Sand. & H. Dig., § 2505. The court was correct in applying the analogy of the ecclesiastical law to the case, when it was not in conflict with the statute.   18 Ark. 330.

BUNN, C. J.   This is a bill for divorce by T. J. Crews against his wife, Ann Crews, in the chancery court of the Eastern district of Clay county.   Answer and cross-bill by defendant.   The same grounds and prayer for divorce from the bonds of matrimony were made in the bill and the cross-bill. The cross-bill contained certain property allegations, and prayer for alimony,   Upon the testimony in the case the chancellor granted the defendant a divorce "*a mensa et thoro*," and an allowance of $80 per annum, payable quarterly to her, as alimony.

In the findings of the chancellor is this expression: "Upon consideration the court finds that both parties are to a degree in fault, and that neither is entitled to an absolute divorce, but finds that a decree of divorce from bed and board should be rendered, with alimony to the defendant in the sum of $80 per annum."   It is contended by appellant that this finding of the chancellor is tantamount to finding that both are equally at fault, and that, under the rule laid down in *Cate* v. *Cate*, 53 Ark. 486, neither was entitled to a divorce.   But we do not think that the language of the chancellor has that meaning, but rather that, while neither was blameless, yet there was a difference in their guiltiness in degree.   In *Rose* v. *Rose*, 9 Ark.

507, it was held that it is not necessary that one be entirely without blame to entitle him or her to a divorce. The decree of the chancellor in favor of the defendant, as between her and her husband, clearly indicates in whose favor were his findings.

The statute on the subject of divorce is as follows, to-wit: Section 2505. "The circuit court shall have power to dissolve and set aside a marriage contract, not only from bed and board, but from the bonds of matrimony, for the following causes." Then follow the seven causes in their order, some of them being the same as at common law, and others being additional causes or grounds.

Section 2508. "The action for alimony or divorce shall be by equitable proceedings."

The decree from bed and board and the divorce from the bonds of matrimony both rest upon the same ground, and the same evidence will sustain either, with this qualification: Upon the evidence the chancellor has a sound discretion to grant the one kind of divorce or the other as he may deem best under the circumstances. The text writers generally, and many jurists, declaim against divorces from bed and board as useless, if not absolutely wrong in principle, but we cannot enter upon a discussion like that. The law authorizes divorces of that kind, and the implication, at least, is that circumstances must determine when they should be granted. The chancellor has exercised his discretion, and we cannot say that his discretion has been abused. His decree is therefore affirmed.