## WOODALL *v.* WOODALL.

### Opinion delivered May 17, 1920.

1. DIVORCE—CRUELTY.—Where the preponderance of the testimony established that a husband frequently cursed and abused his wife, and on more than one occasion struck her, and on several occasions threatened to kill her, and finally ordered her to leave home, it was error to deny her a divorce.

2. DIVORCE—DISPOSITION OF HOME OWNED BY THE ENTIRETY.—In an action for divorce by a wife where the evidence entitled her to a divorce for cruel treatment, the court did not err in giving her exclusive possession of the home owned by the husband and wife by the entirety.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed in part; affirmed on direct appeal.

*Oscar H. Winn,* for appellant.

The chancellor should have entered an order *nunc pro tunc* on the motion making a finality of the case where it was first heard that in order for any suit to be before the court it should be necessary to file a new complaint, as the first one was dismissed and denied by the chancellor. The chancellor erred when he permitted this case to come on before him after having denied a divorce to appellee, and on rehearing over the objections of appellant found the same condition and redenied a divorce to appellee, hence no jurisdiction over the property of appellant and ordered appellant to live apart and turn it over to his wife, although there was no merit in the divorce suit, and there was no credible testimony to

show that the question of property ever came up for the attention of the chancellor until after the divorce sought had twice been denied. The court exceeded its jurisdiction in taking up the property rights question and using it as a wedge to set aside the marriage. If appellee was not entitled to a divorce, she is not entitled to the exclusive use of this property and this home. To deny the husband the right to live in his own home is repugnant to all principles of equity. The decision thwarts justice. If a divorce is granted at all it should be to the husband, and that part of the decree ordering the use of the property to the wife should be reversed and a decree entered here for appellant with directions.

*W. D. Jackson and Geo. F. Jones,* for appellee.

1. The property rights were equitably and properly settled. The decree is really too favorable to appellant.

2. Appellee should have an absolute divorce, and the property mentioned should be decreed to her. The proof shows that she was entitled to an absolute divorce.

SMITH, J. This is a suit for divorce, in which appellee was the plaintiff. The complaint was filed October 16, 1918, and on that date the court made an order dismissing the complaint on the motion of the plaintiff. It does not appear how the cause got back on the docket, but on October 22, 1918, appellant filed an answer, denying all the allegations of the complaint, and praying its dismissal. Thereafter the cause proceeded regularly to trial, and was finally disposed of after a number of witnesses had testified in open court, and from the decree then rendered both parties have appealed.

In her complaint appellee not only prayed an absolute divorce, but asked an allowance for the support of the three children born to her and appellant. These children were a son eighteen years old, and a daughter sixteen, and another daughter thirteen years old. At the time of the trial the son and the elder daughter had married and become self-supporting, and the court made no allowance for them, but an allowance of $25 per month

was made for the younger daughter. The court denied appellee's prayer for divorce, but gave her the possession of the home. This home was owned by appellee and appellant as tenants by entirety. It appears that after paying for the home appellant encumbered it with a mortgage, securing a sum of money borrowed for the purpose of purchasing an automobile, and that later appellant sold the automobile and converted the proceeds of that sale to his own use.

As to the home, the court decreed that its possession, "which the court finds to be an estate by entirety, which is in no way affected by this decree, is hereby awarded to the plaintiff, for the use and benefit of herself and children, so long as she occupies it as a home," and, further, "that the plaintiff shall pay off the interest due on any loan that may be against said property, and that if she wishes to pay any of the principal of said loan, she may set off such amount against whatever claim defendant may have in said property." These orders, giving appellee possession of the home so long as she occupied it as such, and imposing on her the duty of keeping down the interest on the mortgage, and of discharging it, if she elects so to do, indicate that the court contemplated the necessity or advisability of making other orders in regard to the home at a later date.

The court made no allowance for appellee's support; but no complaint is made against the decree on that account, as appellee prays on her cross-appeal an absolute divorce; and her prayer, so far as the property is concerned, is that the whole title to the home be vested in her.

Upon the question of divorce, we think a decree should have been entered in appellee's favor. Her own testimony, as well as that of the three children, shows mistreatment of appellee for a number of years, which finally became intolerable. Appellant frequently cursed and abused his wife, and on more than one occasion struck her, and on several occasions threatened to kill her, and

finally ordered her to leave home, as he wanted to make room for another woman. A number of witnesses gave testimony substantially corroborating the testimony of appellee and the children, as to appellant's profanity and abuse and mistreatment of appellee. Appellant denied that he had been guilty of misconduct toward his wife or children, and stated that such discord as existed resulted from objection on his part to the freedom of conduct which his wife allowed their daughters, and after leaving his home, without cause, she had removed to an apartment which was of ill-repute because of the conduct of some of the tenants occupying it. There was a denial of all of this testimony and an affirmative showing that no one known to be immoral was accepted as a tenant, or permitted to remain after becoming one, in the apartments to which appellee removed. In addition, appellant offered testimony of witnesses having more or less intimacy with the family to the effect that they did not know of any misconduct or mistreatment of appellee by appellant.

This testimony does not, in our opinion, overcome or explain away the positive affirmative testimony of apparently disinterested witnesses who gave details of specific instances of abuse and threats and actual personal violence.

Appellant is a railroad conductor, and the testimony shows that he earns each month as salary from $150 up, and no complaint is made of inability to pay the monthly allowance of $25 to his youngest child.

It is insisted that because the home is owned by appellant and appellee as tenants by entirety the court can make no order affecting its title, or the possession thereof. Answering this insistence, it may be said that the court has made no order affecting the title. On the contrary, it is expressly recited in the decree that the title is not affected by the decree.

In the case of *Roulston* v. *Hall*, 66 Ark. 305, 308, the court reviewed a decree of divorce rendered in a case in

which one of the parties to that litigation had also been a party. In the decree for divorce (the parties thereto being tenants by entirety) the court had given the wife a one-third interest for life in the husband's half of the property, of which action the court said: "And we suppose that the learned chancellor in that case awarded it to her under section 2517 of Sandels & Hill's Digest (which is now section 2684 of Kirby's Digest), where it is provided that 'in every final judgment for divorce from the bonds of matrimony granted to the wife against the husband, (the wife) shall be entitled to one-third part of the husband's personal property absolutely, and one-third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been so relinquished by her in legal form.' But the husband, Ben Hall, had not an estate of inheritance in these lots. Where land is conveyed to husband and wife, they do not take by moieties, but both are seized of the entirety—the whole in contradistinction to a moiety or part only." And, after thus stating what the view of the chancellor must have been when the decree for divorce was rendered, disapproved that decree in the following language: "* * * The court erred in giving judgment for appellee for one-half of said property, and for one-third of the other, as during the lifetime of her husband she was only entitled to the rents of one-half, but in case of the death of the husband to the whole." In the later case of *Davies* v. *Johnston,* 124 Ark. 390, the court held that the character of an estate by entirety is not changed by the divorce of the parties.

But it has not been held that, upon a proper showing, the possession of such property, when it constitutes the homestead, may not be awarded the innocent party who has the custody of dependent children. Upon the contrary, as stated in 9 R. C. L., at page 447, "It is generally competent for the court to award the homestead to the innocent party, either absolutely or for a limited

time.'' Cases extensively annotated are cited in the note to the text quoted. Here the wife has in her own right a joint ownership of the title, with the consequent right of occupancy. The husband has the same right, but because of his fault and misconduct both can not occupy the home. As both can not exercise the right of occupancy, it was not improper for the court to award that right to the spouse not at fault.

We have before us no showing as to the amount or value of appellant's personal property, nor any issue in regard to its division. The issues here presented are disposed of when we announce our conclusions that the allowance of $25 per month for the support of the minor unmarried daughter is not shown to be excessive; and that appellee is entitled to an absolute divorce; and that the court committed no error in awarding to appellee the right of occupancy of the homestead as stated above.

It is, of course, essential that the interest be kept down on the loan secured by the mortgage on the home; but appellee does not complain of the imposition of that burden on her; and no showing is made that she should not have proper credit for any payment made on the principal debt.

Remanded with directions to enter a decree of absolute divorce in favor of the appellee.