PARRISH *v.* PARRISH.

4-4959

Opinion delivered March 7, 1938.

*S. W. Woods,* for appellant.
*Virgil D. Willis,* for appellee.

MEHAFFY, J. This action was begun by the appellee in the Boone chancery court against the appellant alleging adultery, desertion and indignities, and that appellant left him without cause or provocation in 1928, and that they have not lived together as husband and wife since that time. He asked a divorce under the statute, which reads as follows:

"Divorce from the bonds of matrimony may be obtained in addition to the causes now provided by law, and subject to the same procedure and requirements, for the following causes:

"When the husband and wife have lived apart for three consecutive years without cohabitation the court shall grant an absolute decree of divorce at the suit of either party." Pope's Digest, 7th subdivision of § 4381.

The appellant filed answer denying the allegations of the complaint and charging appellee with adultery and indignities, and asked for a divorce, attorney's fee and court costs. She also alleged in her answer that appellee had title to some 2,000 acres of land in Missouri and Arkansas worth several thousand dollars, and a large amount of personal property.

A motion was filed by appellee to strike the depositions of Bob Raines and Ed Driver, but we do not deem it necessary to pass on this question. The court did not find that either the appellant or appellee was guilty of

any immorality, and in this we think the court was correct. The evidence as to the immorality of each of them at most creates a mere suspicion of misconduct, and most of the acts they testify about occurred several years ago.

Appellant charged that appellee had abused her and choked her, and he admitted that he did choke her a little one time; but both her testimony and his shows that this was more than five years prior to the commencement of the suit.

There is some evidence tending to show that appellant and appellee cohabited after they separated, yet there is no evidence tending to show that this occurred within the last three years prior to the commencement of this suit.

Since the undisputed proof shows that the appellant and appellee have lived apart for three consecutive years without cohabitation, the court had a right to grant either a divorce.

The statute above quoted provides that the court shall grant an absolute decree of divorce at the suit of either party. In this case both parties sued for a divorce. The court granted the divorce to appellant, on the ground of indignities, but under the statute he had a right to grant either party an absolute divorce. Both parties have appealed.

The appellant asked for a division of the property. The question as to the ownership and disposition of the property was not developed in the court below, and the court did not pass on this question.

Section 4393 of Pope's Digest reads as follows: "In every final judgment for divorce from the bonds of matrimony granted to the husband, an order shall be made that each party be restored to all property not disposed of at the commencement of the action, which either party obtained from or through the other during the marriage and in consideration or by reason thereof; and where the divorce is granted to the wife, the court shall make an order that each party be restored to all property not disposed of at the commencement of the action which either party obtained from or through the other during

the marriage and in consideration or by reason thereof; and the wife so granted a divorce against the husband shall be entitled to one-third of the husband's personal property absolutely, and one-third of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage for her life, unless the same shall have been relinquished by her in legal form, and every such final order or judgment shall designate the specific property both real and personal, to which such wife is entitled; and when it appears from the evidence in the case, to the satisfaction of the court, that such real estate is not susceptible of the division herein provided for without great prejudice to the parties interested, the court shall order a sale of said real estate to be made by a commissioner to be appointed by the court for that purpose, at public auction to the highest bidder upon the terms and conditions, and at the time and place fixed by the court; and the proceeds of every such sale after deducting the cost and expenses of the same, including the fee allowed said commissioner by said court for his services shall be paid into said court and by the court divided among the parties in proportion to their respective rights in the premises. The proceedings for enforcing these orders may be by petition of either party specifying the property the other has failed to restore or deliver, upon which the court may proceed to hear and determine the same in a summary manner after ten days' notice to the opposite party. And such order, judgment or decree shall be a bar to all claim of dower in and to any of the lands or personalty of the husband then owned or thereafter acquired on the part of his said wife divorced by the decree of the court.''

It will be observed that the above statute requires the court granting a decree to make an order that each party be restored to all property not disposed of at the commencement of the action which either party obtained from or through the other during the marriage and in consideration or by reason thereof; and also that where the wife is granted a divorce she shall be entitled to a

certain portion of the husband's property, or property of which the husband was seized of an estate of inheritance at any time during the marriage unless the same shall have been relinquished in legal form.

The court, therefore, should have heard the evidence and decided the question of property rights.

The decree is affirmed, but without prejudice to the right of the appellant to maintain a suit for any interest she may have in property, as provided for in § 4393, *supra*.

It is so ordered.