## LAIRD v. LAIRD.

4-6110                          145 S. W. 2d 27

Opinion delivered December 2, 1940.

House, Moses & Holmes, C. M. Erwin, Jr., and Ras Priest, for appellant.

Pickens & Pickens, for appellee.

HUMPHREYS, J. This is an appeal from a decree of divorce on the cross-complaint of appellee and the allowance of alimony of $10 per month for a period of five years and an attorney's fee of $25 to appellant.

The suit was commenced by appellant in the chancery court of Jackson county against appellee on June 14, 1939, on the grounds of abandonment and habitual drunkenness, and for alimony based on the net rental income appellee was entitled to receive from two farms in Jackson county, Arkansas, in one of which he owned a life estate by inheritance from an aunt, and the other in which he owned an undivided one-third interest by inheritance from appellee's father.

Appellee filed an answer denying the alleged grounds of divorce and a cross-complaint alleging abandonment on the part of appellant.

These parties were married in 1924 and lived together until 1933 in Jackson county at which time appellee lost his job, and being unable to get another, he took appellant from Newport to Little Rock to live temporarily with her sister with whom she has continued to live. Appellee remained in Newport and occasionally got some work to do, a part of the time with the WPA, but did not earn enough to rent a home and provide a substantial support for appellant. At one time he earned as much as $60 a month, but this employment did not last long and appellant was not willing to give up the employment she had secured in Little Rock and return to Newport to live with appellee on the small amount he could earn.

Appellee came to Little Rock and visited appellant for a few days at intervals of about two or three weeks

until 1935. During this period he contributed small amounts to appellant, perhaps as much as $100 altogether.

Appellant testified that as a general thing he was drunk and quarrelsome when he visited her, and appellee testified he was sober and did not quarrel with her on the occasion of his visits. This manner of living continued until some time in 1935, and then by mutual consent all relationship between them ceased.

At the time appellant brought her suit she was admittedly a resident and citizen of Pulaski county and should have instituted the suit in Pulaski county under § 4383 of Pope's Digest which is as follows: "The proceedings shall be in the county where the complainant resides, and the process may be directed in the first instance to any county in the state where the defendant may then reside."

Appellee, however, filed a cross-complaint and did not question the jurisdiction of the court on the complaint of appellant until the suit was in progress, so the court acquired jurisdiction of the parties and subject matter of the suit under the cross-complaint.

The testimony is conflicting as to whether appellant or appellee was to blame for the continued separation from and after 1935. The chancery court found that appellant was and we are unable to say his finding was contrary to a clear preponderance of the evidence. Having so found and having decreed a divorce to appellee, the matter of the allowance of attorney's fee, and permanent alimony was a matter within his discretion, but the small amount allowed her attorney and the small amount allowed as alimony are insufficient in view of the fact that for many years she made appellant a good and faithful wife and endured many humiliations at his hands, and in view of the further fact that her earning capacity is small and his income from rents will justify a larger allowance than the chancellor made, we are affirming the decree of divorce and reversing same as to the allowances and remanding the cause with directions to allow her an attorney's fee of $50 and permanent

alimony in the sum of $15 a month from January 1, 1940, without any limitation as to time, together with the costs of this appeal.