REED v. REED.

5-342                                    265 S. W. 2d 531

Opinion delivered March 8, 1954.

*Rose, Meek, House, Barron & Nash,* for appellant.

*Wootton, Land & Matthews,* for appellee.

ROBINSON, J.   Appellant Helen Sims Reed and appellee Kirby E. Reed married in 1935.  In July, 1952, Helen filed suit for divorce.  Kirby is a plumber and practiced that trade as an employee of others and also by working for himself from a shop at his home until the year 1944. At that time he had been out of work for about three months, and at Helen's suggestion a plumbing shop was opened.  Helen says that she is a partner in such business.  Kirby maintains that Helen is not a partner but merely helped to the extent that wives usually assist their husbands.  In 1946 Kirby's brother Mike came into the business as a partner.

Upon a trial Helen was granted a divorce which is not questioned on appeal; however the Chancellor made a finding that she is not a partner in the plumbing business, but that Kirby owes her for money borrowed the sum of $2,000 with 6% interest thereon from February 16, 1945.  The decree also provides for $35 per week alimony and for the disposal of some property held as an estate by the entirety which was acquired in 1947.

There is a sharp conflict in the testimony as to whether Helen is a partner in the plumbing business, and although there is substantial evidence to sustain the contention of such a partnership, there is also convincing evidence to the contrary; and we cannot say the Chancellor's finding in that respect is against the preponderance of the evidence.

Although appellant was granted a divorce, the trial court did not make a personal property division as provided by Ark. Stats., § 34-1214. There is no showing that appellee owned any real estate other than his interest in the property held as an estate by the entirety; and Mrs. Reed would not be entitled to more than that vested in her by reason of such an estate. *Roulston* v. *Hall*, 66 Ark. 305, 50 S. W. 690; *Woodall* v. *Woodall*, 144 Ark. 159, 221 S. W. 463. But she is entitled to "⅓ of the husband's personal property absolutely." *Crosser* v. *Crosser*, 121 Ark. 64, 180 S. W. 337; *Dowell* v. *Dowell*, 207 Ark. 578, 182 S. W. 2d 344. This would include ⅓ of any interest the husband may own in a partnership with his brother or anyone else. Such interest may be reached by a charge order. Ark. Stats., § 65-128.

According to the record, $35 per week alimony appears to be rather small; but whether alimony should be continued, and the amount thereof, depends on the financial condition of the parties after appellant receives ⅓ of appellee's personal property in addition to the $2,000 and interest.

Reversed.

Mr. Justice GEORGE ROSE SMITH not participating.

WARD, J. This dissent to the majority opinion is based on two grounds.

1. While I agree with the majority that the Chancellor's finding that no partnership existed is not against the weight of the evidence, still, in my opinion, appellant, the wife, should have been given one-half of the plumbing business [or the value thereof after all debts were paid] because the evidence [which the majority did not see fit

to discuss in detail] shows she put as much money and effort into the business as her husband did. This is what the court did in the case of *Williams* v. *Williams,* 186 Ark. 160, 52 S. W. 2d 971. There the court, after discussing the evidence, no more favorable to the wife than here, said:

"It is clear from the evidence that both appellant and appellee worked and conducted the business which resulted in the accumulation of the property in controversy. It is immaterial whether there was a partnership. If appellee and appellant, by their joint work, labor and management, acquired the property, a court of equity would, even before the recent statutes, protect the wife's interest in the property."

Added force is given to the applicability of the above language to the present case because there the divorce was given to the husband while here the wife secured the divorce.

2. The majority opinion invades the province of the trial court by expressing its view as to the sufficiency of the amount of alimony, even though this court has no way of knowing the facts (amount of property) upon which the amount of alimony depends. We have consistently held that the amount of alimony rests in the discretion of the trial court. *Shirey* v. *Shirey,* 87 Ark. 175, 112 S. W. 369; *Johnson* v. *Johnson,* 165 Ark. 195, 263 S. W. 379; *Upchurch* v. *Upchurch,* 196 Ark. 324, 117 S. W. 2d 339; *Guier* v. *Guier,* 200 Ark. 552, 139 S. W. 2d 694; *Laird* v. *Laird,* 201 Ark. 483, 145 S. W. 2d 27; *Lewis* v. *Lewis,* 202 Ark. 740, 151 S. W. 2d 998; *Angellitti* v. *Angellitti,* 209 Ark. 991, 193 S. W. 2d 330; *Foster* v. *Foster,* 216 Ark. 76, 224 S. W. 2d 47; *Bridwell* v. *Bridwell,* 217 Ark. 514, 231 S. W. 2d 117; and *Birnstill* v. *Birnstill,* 218 Ark. 130, 234 S. W. 2d 757.

Referring to the allowance of alimony by the trial court, we said in the first cited case at page 184 of the Arkansas Reports:

"The amount of such allowance is within the sound discretion of the court, and all the circumstances of the particular case should be considered in fixing it."

In the last cited case we said at page 132 of the Arkansas Reports:

"The amount of such allowance is always in the sound discretion of the trial court."