MYERS *v.* WILLIAMS, CHANCELLOR.

5-712                                           281 S. W. 2d 944

Opinion delivered July 4, 1955.

[Rehearing denied October 3, 1955.]

*H. B. Stubblefield,* for petitioner.

*Talley & Owen* and *Dale Price,* for respondent.

J. SEABORN HOLT, J. February 15, 1954, Louise Myers filed suit, in First Division Pulaski Chancery Court (Case 99357) for divorce, property settlement, alimony, maintenance for the children, attorney's fees and court cost. Her husband, Johnnie Myers, answered with a general denial. He filed no cross complaint and

sought no affirmative relief. The cause was heard June 10, 1954 and the Chancellor, Rodney Parham, rendered a decree granting to Mrs. Myers a divorce from bed and board only, custody of the children, $175 per month ($50 as alimony and $125 maintenance) and $400 which her husband owed her up to July 1, 1954; directed Johnnie Myers to continue to collect the rentals on property jointly owned by them, except the home place together with personal property therein, which he awarded to Louise Myers as a home for her and the children. He further directed the husband to maintain the home, pay the expense of utilities (except telephone) incurred, and that he pay cost and attorney's fee of $500 incurred by his wife. The court retained jurisdiction and control of the cause "for such further orders and proceedings as may be necessary or proper to ascertain definitely and enforce the rights of the parties hereto."

Thereafter on December 15, 1954, Johnnie Myers brought suit in the Second Division Pulaski Chancery Court (Case 101532), praying for an absolute divorce and summons was had on his wife the same day. Thereafter Louise filed a petition in her original suit in First Division (Case 99357) again seeking an absolute divorce and also for additional maintenance, and a new summons was issued and had on her husband in February 1955. At this juncture Mrs. Myers filed a motion in the Second Division to dismiss her husband's suit (101532) in that division on the ground, "that the proceedings and decree in said action No. 99357, involve and determine the matters alleged and issues which would be involved in this action and is res judicata thereof." The court denied Mrs. Myers' motion holding in effect that it had jurisdiction; whereupon, Mrs. Myers filed motion in this court (an original proceeding) for Writ of Prohibition.

The sole question presented here is one of jurisdiction, it being asserted by Chancellor Williams of the Second Division that the court over which he presided had jurisdiction to hear Johnnie Myers' suit for divorce, and on the other hand Louise Myers claims that the First

Chancery Division, where the original suit was filed, retained and had sole jurisdiction.

On the record presented we hold that the Second Division of the Pulaski Chancery Court had jurisdiction. A decree as here granting a divorce from bed and board and a decree granting an absolute divorce "rest upon the same grounds the law merely permitting the Chancellor in his discretion" to grant either kind. *Crews* v. *Crews,* 68 Ark. 158, 56 S. W. 778; *Clyburn* v. *Clyburn,* 175 Ark. 330, 299 S. W. 38, and Stats. § 34-1202, Ark. Stats. 1947, in effect so provides. A decree of a court of equity pertaining to custody of children, maintenance, alimony, etc., is the same in a divorce from bed and board as in an absolute divorce, *Bauman* v. *Bauman,* 18 Ark. 320.

The parties are residents of Pulaski County and have been for many years. Clearly the First Division had jurisdiction over the parties to enforce its decree of June 10, 1954, but it did not have jurisdiction to try a new cause of action which was set out in the husband's complaint in which he sought an absolute divorce, and filed by him and summons had thereon prior to his wife's petition in the first suit (99357) in which she again sought an absolute divorce. The June 10, 1954, decree above, as pointed out, was only for separation from bed and board and did not affect the status of the parties as to the continued existence of the marriage ties. "A decree for judicial separation, which used to be called a divorce from bed and board, is not really a divorce at all. It has no effect upon the marital status, which continues existent just as before the decree. The decree merely regulates the personal rights of the spouses in relation to the still-continuing marital status. It has no in rem effect." Leflar, Conflict of Laws, § 139, page 286. The decree in the original suit was a final decree. There has been no appeal from it, and as indicated the husband did not ask for an absolute divorce or any affirmative relief in that suit and now for the first time filed, in effect, a new cause of action in the Second Division, Pulaski Chancery Court, asking for an absolute divorce. This he had

the right to do. The principles of law announced in the recent case, *Hill* v. *Rowles,* 223 Ark. 115, 264 S. W. 2d 638, apply with equal force here. In that case, while there was pending in the Pulaski Chancery Court a suit by the wife for separate maintenance and after decree had been rendered in her favor the husband filed a separate suit in the Saline Chancery Court seeking an absolute divorce. The wife sought a Writ of Prohibition in this court on the ground that the Saline Chancery Court was without jurisdiction in the divorce proceeding. In denying the petition for the writ we held, [Headnotes 3, 4, 5, 264 S. W. 2d 638] "A determination, in a wife's action for separate maintenance, that wife is entitled to separate maintenance is not a determination that her husband has no grounds for divorce. Wife's action for separate maintenance, pending in Pulaski County, did not bar her husband's action for divorce in Saline County, even though husband had not brought cross action for divorce in Pulaski County. The policy of the law is to support and maintain marital status wherever it is reasonable to do so in the circumstances."

In that case as here the husband had not asked for divorce in the Pulaski Chancery Court. That issue had not been determined. While the decree there was for separate maintenance, and in the present case for a divorce from bed and board, the marital status was not affected by the decree in either case, but continued existent just as before the decrees. The appellant's first suit (99357) was not res judicata and a bar to her husband's suit (101532) for divorce in the Second Division, Pulaski Chancery Court. The petition for Writ of Prohibition is denied.