MYERS v. MYERS.

5-980                                        294 S. W. 2d 67

Opinion delivered June 25, 1956.

[Opinion on rehearing delivered October 22, 1956.]

*H. B. Stubblefield,* for appellant.

*Talley & Owen* and *Dale Price,* for appellee.

ED. F. McFADDIN, Associate Justice. In the trial from which comes this appeal, the Chancery Court granted Mr. Myers (appellee) an absolute divorce from Mrs. Myers (appellant), and the decree provided for alimony, child support and visitation. Mrs. Myers brings this appeal, complaining of various rulings of the trial court. These parties have been in litigation for some time concerning their marital difficulties.

*First Suit.* On February 15, 1954, Mrs. Myers filed suit in the First Division of the Pulaski Chancery Court praying for a divorce from bed and board (i. e., judicial separation) from Mr. Myers: she also prayed for property division, alimony, custody of their two children and support money for them. That was Cause No. 99357 in the First Division of the Pulaski Chancery Court. Mr. Myers contested the suit and the trial resulted in a decree of June 10, 1954, awarding Mrs. Myers a judicial separation and also property rights, alimony, custody of and support money for the two children, and giving Mr.

Myers visitation rights. There was no appeal from that decree; and we refer to it as the "first suit."

*Second Suit, or Present Suit.* On December 16, 1954, Mr. Myers filed the present suit — No. 101532 in the Second Division of Pulaski Chancery Court — praying for an absolute divorce ". . . and all other just and equitable relief." He alleged that he and his wife had ". . . lived together as man and wife until the first day of February, 1954, at which time it became impossible for plaintiff (Mr. Myers) to longer live with the defendant." He claimed she was guilty of indignities, committed while they were living together. Within a few days after she was served with summons in the present suit, Mrs. Myers filed a petition in the **First Division** of Pulaski Chancery Court, under the same number as the first suit (i. e., No. 99357), and prayed for an absolute divorce. She then filed her motion in the present suit in the Second Division of the Pulaski Chancery Court (No. 101532), claiming that the First Division of the Pulaski Chancery Court had jurisdiction because of the first suit and her recently filed petition therein praying for an absolute divorce. When such motion was denied, Mrs. Myers filed in the Supreme Court a petition for writ of prohibition. We denied the writ on July 4, 1955 (see *Myers v. Williams,* 225 Ark. 290, 281 S. W. 2d 944; and we will refer to that as the "prohibition case"). On October 20, 1955, Mrs. Myers filed her answer in Case No. 101532 in the Second Division of the Pulaski Chancery Court, in which, *inter alia*: (a) she pleaded that the decree in the first suit (No. 99357) was ". . . *res judicata* and as a complete bar to the cause of action alleged and relief sought by . . ." Mr. Myers in the present suit; (b) she sought an absolute divorce from Mr. Myers on the ground of desertion; and (c) she also sought a complete enforcement of the decree rendered in the first suit (No. 99357) in the First Division of the Pulaski Chancery Court, as regards property rights, alimony and support.

With the issues thus joined, trial resulted in a decree awarding Mr. Myers an absolute divorce on the

ground of indignities, and adopting a considerable portion of the decree of the First Division Chancery Court in Case No. 99357 as to property rights, alimony, support for the two children and visitation. From the said decree, rendered on November 3, 1955 in the second case (No. 101532 in the Second Division of Pulaski Chancery Court), Mrs. Myers prosecutes this appeal, making eight contentions, which we will dispose of in this opinion. It is conclusively demonstrated that these parties cannot live together as husband and wife, and each now wants an absolute divorce.

I. *The First Suit And The Prohibition Case.* Mrs. Myers insists that the decree in the first suit was *res judicata* as to all matters, and that our opinion in the prohibition case (*Myers* v. *Williams,* 225 Ark. 290, 281 S. W. 2d 944) is ". . . erroneous and inconsistent and should be expressly overruled."

These contentions can be disposed of in short order. We adhere to our opinion in *Myers* v. *Williams*; and we do not consider the first suit as *res judicata* on property rights, alimony, child custody or support. In her first suit, Mrs. Myers sought only a decree of judicial separation: she did not want an absolute divorce. The decree stated that she continued to have dower rights in certain property. That decree is not *res judicata* on the questions of property rights, custody and child support here involved. In *Myers* v. *Williams, supra,* we quoted from Leflar on "Conflict of Laws," § 139, page 286:

"A decree for judicial separation, which used to be called a decree from bed and board, is not really a divorce at all. It has no effect upon the marital status, which continues existent just as before the decree. The decree merely regulates the personal rights of the spouses in relation to the still-continuing marital status. It has no *in rem* effect."

II. *Mr. Myers' Alleged Grounds For Divorce.* Mrs. Myers claims that Mr. Myers did not prove his cause of action for divorce; and in this contention we agree with her. As heretofore noted, Mr. Myers claimed in his complaint in the present case that he and Mrs. Myers had

". . . lived together as husband and wife until the first day of February, 1954, at which time it became impossible for plaintiff to longer live with the defendant. That during the time he and the defendant were living together as man and wife, she treated him with such ridicule, neglect, abuse and open insult . . . until his condition in life became intolerable . . ." In other words, Mr. Myers did not allege or prove any indignities suffered by him after the first day of February, 1954;[1] yet on June 10, 1954, the First Division of the Pulaski Chancery Court heard the parties and awarded Mrs. Myers a judicial separation. Any claim for indignities suffered by Mr. Myers prior to the date of that decree was lost to him by that decree because indignities had been the main issue in that litigation. The evidence in the case at bar is insufficient to award Mr. Myers a decree for any indignities suffered by him after the decree of June 10, 1954. Therefore, we hold that Mr. Myers did not prove his cause of action for divorce; and the Chancery Court was in error in awarding him a decree.

III. *Mrs. Myers' Alleged Grounds For Absolute Divorce.* In her pleadings filed in this case (No. 101532 in the Second Division of Pulaski Chancery Court) on October 20, 1955, Mrs. Myers alleged:

"That in January, 1954, said Johnnie Myers willfully deserted this defendant without reasonable cause, since which time said plaintiff has absented himself from this defendant continuously without reasonable cause, which desertion on the part of plaintiff for more than a year

---

[1] That the attorneys recognized that there was no testimony of matters after February, 1954, is shown by this portion of the present record:

"MR. OWEN (attorney for Mr. Myers): I believe that Mr. Stubblefield, if I understood and remember correctly, objected to the Court considering anything that happened prior to the June decree because it is *res judicata*.

"MR. STUBBLEFIELD (attorney for Mrs. Myers): No, subsequent to the separation. Your complaint alleges grounds that happened during the time they were living together.

"MR. OWEN: That is all right, we have shown very few instances — —

"THE COURT: Yes, the main thing the Court considers is that which happened prior to the separation."

. . . Defendant, Louise Myers, is entitled to a decree of divorce dissolving the bonds of matrimony subsisting between her and plaintiff . . ."

The evidence in the case at bar establishes Mrs. Myers' case for absolute divorce on the ground of desertion which had continued for more than one year prior to the filing of her pleadings alleging such ground for divorce. The Second Division of the Chancery Court in the case at bar should have awarded Mrs. Myers a divorce instead of awarding it to Mr. Myers. It is true that Mrs. Myers has some very strange religious beliefs, and that at one time it was suspected that she was mentally unbalanced: yet such matters do not prevent her from being entitled to a divorce on the ground of desertion. At all events, she has never been declared *non compos* and she still has the custody of the two children.

IV. *The Matter Of Property Rights, Alimony, Child Custody And Visitation.* As heretofore stated, in the decree from which comes this appeal the Second Division of Pulaski Chancery Court adopted in many places, almost verbatim, the decree that had been previously rendered in the First Division of the Pulaski Chancery Court in the Case No. 99357. There were two instances of difference.

In the first suit, the Court set aside certain conveyances that Mr. Myers had made to an uncle, involving nine parcels of real property, and vested the title in Mr. Myers subject to the inchoate dower rights of his wife. There is no showing whatsoever in the present case that the parties have not disposed of this property; and in the absence of all evidence concerning what has happened to the property since the first suit, we cannot indulge the presumption that Mrs. Myers has not joined with Mr. Myers in disposing of her dower interest. In short, Mrs. Myers has failed to establish in this record that Mr. Myers had any such property or that the Trial Court was in error in failing to award her any dower in any real property. The burden was on her in the Trial Court to establish her claim and is on her here to establish error committed by the Trial Court. In the absence of any evi-

dence as to property, we cannot say that error has been established. See *Taylor* v. *Taylor*, 153 Ark. 206, 240 S. W. 6; and see also 27 C. J. S. 1138.

In the present decree, the matter of Mr. Myers' right of visitation to see his two children is arranged a little differently from what it was in the first decree; but we find no error in this particular. The court having jurisdiction can always change the rules as to visitation; and can also change child custody where a change in conditions is shown and where the best interests of the child so dictate. Mrs. Myers complains that in the decree in the first suit, she was awarded the absolute custody of the two children, whereas in the decree in the present suit the court said, as regards custody:

"The parties are the parents of two minor children who are presently residing with the defendant herein, and the cause with reference to the permanent custody of such children should be passed until a later time; that pending such, the plaintiff should have the said children over the week-ends, that is, Saturday and Sunday of each week."

The present decree certainly recognizes that for the present Mrs. Myers retains the custody of the children, because the decree further recites that Mrs. Myers is awarded ". . . the possession of and right to occupy with said two children as their home . . .," certain property in North Little Rock, and that Mr. Myers is to continue to pay all the utility bills except telephone bills; all subject to further orders of the Court.

V. *Attorney Fees, Court Costs And Directive.* In the first suit Mr. Myers was ordered to pay Mrs. Myers' attorney a fee of $500.00. In this second suit the trial court ordered Mr. Myers to pay Mrs. Myers' attorney a fee of $300.00, plus certain expense items. We adjudge that Mr. Myers shall pay Mrs. Myers' attorney an additional fee of $250.00 for services in this Court. We also adjudge all costs of both courts to be paid by Mr. Myers. In short, the only change we make in the Chancery decree from which comes this appeal is that the court should

have decreed a divorce for Mrs. Myers on the ground of desertion, instead of to Mr. Myers on the alleged ground of indignities. To that extent, and to that extent only, the decree is reversed and the cause remanded, with directions to enter a decree awarding Mrs. Myers a divorce. In all other respects the decree of the Chancery Court is affirmed.

Justices ROBINSON and GEORGE ROSE SMITH dissent in part.

### ON REHEARING

GEORGE ROSE SMITH, J., on rehearing. In a petition for rehearing the appellant insists that her statutory interest in the appellee's real property should not be extinguished by reason of the fact that this issue was not fully developed at the trial. We are of the opinion that this contention is well taken and that the cause should be remanded for further proof on this point.

When a divorce is awarded to the wife the statute affirmatively requires that she be granted a third of the husband's personal property absolutely and a third of his real property for life. Ark. Stats. 1947, § 34-1214. We have uniformly been careful to protect the wife's rights despite deficiencies either in the pleadings or in the proof. In *Hegwood* v. *Hegwood*, 133 Ark. 160, 202 S. W. 35, the husband appealed from a decree of divorce which purported to award the wife an interest in certain town lots that were not described in the pleadings or the proof. Although there was nothing in the record to support the chancellor's action we affirmed the decree, saying: "The division of the property is a mere incident to the divorce suit and it is not essential to the jurisdiction of the court that the pleadings should set forth the property. The decree for divorce draws to the court the power to ascertain the description of the property owned by the husband for the purpose of awarding to the divorced wife her share thereof. Of course, there ought to be some evidence of the existence and description of the property upon which the court acts, but appellant is in no attitude to complain, for, if he is not the owner of property he suffers no injury by the award, and if he does own the

property described, the divorced wife is entitled to the share which the court awarded to her.''

Similar reasoning was followed in *Parrish* v. *Parrish*, 195 Ark. 766, 114 S. W. 2d 29. There, as in the case at bar, the wife asked for a divorce and a division of the property, but there, as here, she failed to prove the extent of her husband's holdings. ''The question as to the ownership and disposition of the property was not developed in the court below, and the court did not pass on this question.'' The wife was granted a divorce and, despite this deficiency in her proof, appealed from the chancellor's failure to make an award of property rights. We held that the court should have heard evidence on the question and affirmed the decree without prejudice to the wife's right to bring suit later for her interest in the property.

In the present case the wife's position is materially stronger than it was in the decisions just cited. Here the chancellor denied the wife's prayer for a divorce and so had no reason to ascertain the extent of the husband's property. Our original opinion reversed the chancellor's decree and awarded a divorce to the wife rather than to the husband. Since it would have been the chancellor's duty to make a property division if he had granted the divorce to the wife in the first instance, it is similarly our place to protect her rights when the divorce is granted in this court. The defect of proof was considered to be immaterial in the *Parrish* case, *supra,* and there is even more reason for disregarding it in the case at bar.

The record contains a description of the property that the appellee owned when his fraudulent conveyance was set aside in the First Division of the chancery court. We do not think it appropriate, however, to allow the appellant a life estate in a third of that land, without additional proof. Even though the appellant is entitled to her statutory interest in the appellee's property, the issue of alimony in turn depends upon the respective financial conditions of the parties after that award has been made. *Reed* v. *Reed*, 223 Ark. 292, 265 S. W. 2d 531. Fairness requires that these allied issues be re-examined together.

We accordingly exercise our discretion to remand the cause for further proof upon these issues. *Massey* v. *Tyra,* 217 Ark. 970, 234 S. W. 2d 759. To this extent the petition for rehearing is granted.

McFADDIN, J., dissents to the court's action in granting the petition for rehearing.