BERT CONNOR *v.* AUDREY BEATRICE CONNOR

5-4029                                              408 S.W. 2d 486

Opinion delivered November 14, 1966
[Rehearing denied December 5 1966.]

*Richard W. Hobbs,* for appellant.

*Macon & Moorhead,* for appellee.

GEORGE ROSE SMITH, Justice. The appellee, Audrey Beatrice Connor, brought this suit for a divorce upon the ground of personal indignities. Most of the friction that led to the couple's separation involved Mrs. Connor's children by an earlier marriage. Mrs. Connor finally left her husband because he refused to permit her children to live in the family home at Hot Springs. The chancellor granted the plaintiff's prayer for a divorce. Connor contends that the proof is insufficient to establish a ground for divorce and, alternatively, that the plaintiff's testimony was not corroborated.

There is really not much dispute about the salient facts. Connor was 68 and Mrs. Connor was 43 when they married in 1964. Mrs. Connor's oldest child was married and living with her husband. Her other four children, whose ages ranged from 14 to 20 when the case was tried, were living with their mother in Stuttgart.

At the end of the 1964 school term Mr. and Mrs. Connor moved to Hot Springs. Some antagonism had already arisen between Connor and the four children. In an effort to avoid dissension Mrs. Connor sent three of the children to visit their father in Texas and the fourth to visit her married sister. This arrangement could not continue indefinitely. Eventually the children's stepmother sent first one and then a second child back to their mother.

There is hardly any dispute about Connor's unwillingness to allow the children to live with him and their mother. Mrs. Connor, whose testimony is amply corroborated by that of her children, returned to Stuttgart when her husband refused to take her son Michael back into the family home. She explained to Connor that she would have to go where she could be with her children. Connor himself admitted on cross examination that he had made no effort to persuade his wife to return and that he did not want the children in his home.

Under our decisions the chancellor was justified in granting a divorce to Mrs. Connor. In *Rigsby* v. *Rigsby,* 82 Ark. 278, 101 S. W. 727 (1707), the plaintiff-husband refused to allow his wife's sixteen-year-old daughter to live in the family home. In the course of the opinion we said: "Besides, her sex and tender age required that she should be under the control and care of her mother. The conduct of the plaintiff in refusing to allow her to return was, as far as the evidence shows, utterly unreasonable. As the mother was entitled to the society and services of her young daughter, as she owed a duty to see that she was properly reared and protected during the period of her girlhood, this conduct of plaintiff would have gone far towards justifying the defendant in leaving his home in order to be with her child had she chosen to do so."

The *Rigsby* case was followed, upon similar facts, in *Rosenbaum* v. *Rosenbaum,* 206 Ark. 865, 177 S. W. 2d 926 (1944). This language from that opinion is perti-

nent here: "Appellant married appellee knowing that she had this daughter and with a full realization that appellee owed her child the love and care that only a mother can give. . . Appellant, therefore, had no right to insist that his wife give up her daughter, and doubtless this insistence on his part led to the rupture of their married relations." In the *Rosenbaum* case the wife asked and obtained separate maintenance only, but such a decree must rest upon the same grounds that are required for an absolute divorce. *Myers* v. *Williams,* 225 Ark. 290, 281 S. W. 2d 944 (1955).

The decree must be affirmed, with an allowance of an additional $100 attorney's fee to the appellee.