Lola Mae JONES *v.* Jane EARNEST, as Personal
Representative of the Estate of Howard W. Jones, Deceased

91-189                                          819 S.W.2d 280

Supreme Court of Arkansas
Opinion delivered November 18, 1991

*Haley, Claycomb, Roper & Anderson*, by: *Richard L. Roper*, for appellant.

*Wells Law Offices*, by: *Bill G. Wells*, for appellee.

ROBERT L. BROWN, Justice. The sole issue in this appeal is whether a divorce or separation from bed and board constituted a final decree of divorce under Ark. Code Ann. § 9-12-317 (Supp. 1991) so as to dissolve automatically a tenancy by the entirety. We hold that the tenancy by the entirety was not automatically dissolved, and we reverse the chancery court.

The facts in this case were stipulated by the parties at trial. Howard W. Jones, who is now deceased, and his wife, Lola Mae

Jones, who is the appellant, acquired some land in Bradley County by warranty deed dated October 16, 1973. They held the property as tenants by the entirety. Much later, Lola Mae Jones, the appellant in this appeal, filed for divorce against her husband. She was denied an absolute divorce but was granted a divorce from bed and board by order dated November 9, 1988. The chancellor in the divorce from bed and board did not dissolve or in any way change the tenancy by the entirety in the Bradley County land in his decree.

Howard W. Jones died on February 19, 1990, and the personal representative of his estate, who is the decedent's daughter and the appellee, claimed an interest in the Bradley County land. As a result of the claim, the appellant filed a petition seeking a declaratory judgment of her rights in the Bradley County land and asserted that she was sole owner of it by right of survivorship. The chancery court heard the petition on the stipulated facts and found that the divorce from bed and board automatically dissolved the tenancy by the entirety and caused the parties to hold the land as tenants in common. A declaratory judgment in favor of the estate was entered on March 21, 1991.

Our statutory law speaks directly to the issue of a dissolved tenancy by the entirety following a final decree of divorce:

> When any chancery court in this state renders a final decree of divorce, any estate by the entirety or survivorship in real or personal property held by the parties to the divorce shall be automatically dissolved unless the court order specifically provides otherwise. In the division and partition of the property, the parties shall be treated as tenants in common.

Ark. Code Ann. § 9-12-317(a) (Supp. 1991). The question then becomes whether a divorce from bed and board, which is also known as a divorce a mensa et thoro, constitutes a final decree of divorce under the statute. We hold that it does not.

Legal authorities agree that a divorce from bed and board is a limited divorce as compared to an absolute divorce, or divorce a vinculo matrimonii, which severs the bonds of matrimony. Two centuries ago, William Blackstone, in his *Commentaries on the Laws of England*, termed the divorce from matrimonial bonds as

"total," which was distinguished from separation from bed and board which he termed "partial." 1 Bl. Comm. 428, 429 (1765). Only in cases of total divorce is the marriage "declared null, as having been absolutely unlawful *ab initio*." *Id.*

Robert A. Leflar in his treatise on conflicts goes further:

> A decree for judicial separation, which used to be called a divorce from bed and board, is not really a divorce at all. It does not destroy the marital status, which continues existent. The decree regulates personal rights of the spouse as to cohabitation, support, and the like, in relation to the still-continuing marital status.

Leflar, *American Conflicts Law* § 230, p. 638 (4th Ed. 1986).

Black's Law Dictionary is even more exact in its definition of the two categories of divorce:

> *Divorce a mensa et thoro.* A divorce from table and bed, or from bed and board. A partial or qualified divorce, by which the parties are separated and forbidden to live or cohabit together, without affecting the marriage itself.

> *Divorce a vinculo matrimonii.* A divorce from the bond of marriage. A total absolute divorce of husband and wife, dissolving the marriage tie, and releasing the parties wholly from their matrimonial obligations.

*Black's Law Dictionary*, p. 480 (6th Ed. 1990).

But it falls to George D. Thompson, in his distinguished treatise on real property, to discuss the ultimate issue in this case:

> A divorce a mensa et thoro does not affect the unity of person and, hence, it does not turn a tenancy by the entireties into one in common. Since the estate by the entireties is dependent upon the oneness of the person of husband and wife, and not upon property rights, it follows that a decree of court cannot change the estate to a tenancy in common, unless it severs the marriage relation and makes the husband and wife two persons.

4 Thompson, *Commentaries on the Modern Law of Real Property*, § 1792, p. 132 (Repl. 1979).

■ We are mindful that there are certain attributes which are common to an absolute divorce and the limited divorce from bed and board. We have held that both categories of divorce, for example, rest upon the same grounds and may pertain to custody of children, maintenance, and alimony. *See Myers* v. *Williams*, 225 Ark. 290, 281 S.W.2d 944 (1955). Yet, in the *Myers* decision we made it abundantly clear that a divorce from bed and board did not affect the marriage ties; indeed, we quoted from *Leflar on Conflicts* to the effect that a divorce from bed and board was "not really a divorce at all" with respect to terminating the marital status. 225 Ark. at 292; 281 S.W.2d at 945; quoting Leflar, *American Conflict Laws; see also Spencer* v. *Spencer*, 275 Ark. 112, 627 S.W.2d 550 (1982) (concurring opinion); *Lytle* v. *Lytle*, 266 Ark. 124, 583 S.W.2d 1 (1979).

■ We review Ark. Code Ann. § 9-12-317(a) and specifically its language that a "final decree of divorce" is necessary to terminate an estate by the entirety in light of the above. In construing this statute, we consider the revered treatises cited in this opinion and our own case law which distinguishes the absolute divorce from bonds of matrimony and the limited divorce from bed and board in no uncertain terms. We have no doubt, in light of this history, that the Arkansas General Assembly intended "final decree of divorce" to refer to an absolute divorce from the bonds of matrimony for purposes of dissolving a tenancy by the entirety by operation of law.

We further note in this regard that had the General Assembly intended to include divorces from bed and board as final decrees of divorce under § 9-12-317(a), it would have been a simple matter to refer to such limited divorces specifically as it did in the marital property statute. *See* Ark. Code Ann. § 91-2-315(b)(3) (Supp. 1991).

■ We hold, therefore, that the chancellor clearly erred in finding that the tenancy by the entirety was automatically dissolved by the divorce from bed and board and further erred in granting the estate any interest in the Bradley County property. Upon the death of Howard W. Jones, the appellant took full title to the property by operation of law. Accordingly, the estate has no interest in it as a tenant in common.

Reversed.